HENRY C. KLEMM v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

An ordinance prohibiting a municipal officer from being interested in any city contract or from receiving any compensation except his salary for services rendered to the city, will not prevent such officer from maintaining an action against the city to recover for services rendered altogether outside the line of his official employment, when such services were rendered in pursuance of a contract made between such officer and the city itself, and for a compensation fixed therein.

---

On contract. On demurrer to plea.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the demurrant, *Henry Young.*

For the defendant, *Herbert Boggs.*

The opinion of the court was delivered by

GUMMERE, J. The declaration in the case contains only the common counts, but by the bill of particulars, which is annexed to it, it appears that the plaintiff sues to recover for services rendered by him as an architect to the city of Newark, *at its request,* in the erection of two of its engine-houses. The plea demurred to sets up as a defence to the plaintiff's claim, that at the time of his rendering the services for which he seeks to recover he was one of the officers of the city, to wit, a commissioner of public schools, and that by virtue of a certain ordinance of the city then existing he was as such officer prohibited from being interested in any contract of the city or in any compensation for any work done for it or from receiving any compensation, commission or other reward from the city for his services except the salary and fees paid to him as such commissioner.

Do these facts, the truth of which is conceded by the demurrer, constitute a bar to the plaintiff's suit? It seems clear to me that they do not. The ordinance was made by the city, and for its own protection. Assuming that it is given, by its charter, power to pass such an ordanance (which is denied by the plaintiff, and which it is not necessary to decide in disposing of this demurrer), it also had power to repeal it, or to suspend its operation; and when *the city itself,* the creator of the ordinance, notwithstanding its existence, makes a contract with one of its officers to do work which is entirely outside the line of his official duty, for a fixed compensation, it is to be considered as suspending by that action the operation of its prohibitory ordinance so far as that transaction is concerned; or rather, to state it more accurately, the city is estopped by its conduct from setting up such ordinance for the purpose of avoiding performance on its part. The rules of fair dealing forbid that a municipality shall take advantage of its by-laws to escape performing a contract when, notwithstanding the existence of those by-laws, it not only has made the contract but has permitted the other party thereto fully to perform it and has itself received the benefit thereof.

It is not intended to intimate, by this decision, that a municipality would be barred from taking advantage of ordinances, such as that set out in the plea, in a suit brought against it by one of its officers on a contract made by him with one of its boards or committees. That question is not presented by the record in this case. All that we decide is that such an ordinance is not a bar when the contract sued upon is made by *the city itself* and it has received the fruits of its bargain.

The plaintiff is entitled to judgment on his demurrer.