NEW JERSEY CAR SPRING AND RUBBER COMPANY, DEFENDANT IN ERROR, v. THE MAYOR, &c., OF JERSEY CITY, PLAINTIFFS IN ERROR.

Submitted March 27, 1900—Decided June 18, 1900.

1. A municipal corporation, having a board or other body empowered to purchase goods for the use of the corporation, may be made liable to pay for such goods, either by the precedent act of such board or body, ordering and directing their purchase; or if the goods have been requisitioned by some subordinate officer and accepted and used by the corporation, by a subsequent act of such board or body recognizing the purchase and ratifying it by a valid act directing payment therefor.

2. When the board or body of such municipal corporation is not shown to have known that goods have been requisitioned by one employe and accepted by another employe without precedent authority and used by the corporation, the fact of such acceptance and use will not raise an implied contract on the part of the municipal corporation to pay for such goods. *Quære.* Whether an implied contract would be established by proof of such knowledge on the part of such board or body.

On error to the Hudson Circuit.

For the plaintiff in error, *Allan L. McDermott.*

For the defendants in error, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment under review upon this writ of error was entered in the Hudson Circuit Court, upon a finding of the Circuit judge who tried the cause without a jury.

The action was on contract, and was brought by the plaintiff company to recover from the city the price of certain goods furnished by the company to the city. For these goods the company rendered three bills, viz., one for $270, on January 3d, 1894; one for $130.19, on June 30th, 1894, and one for $280.05, on April 30th, 1895. At the close of the testimony counsel for the city moved the judge to find that, upon the facts proved, the city was not liable for the amount of said bills or any of them. The request was denied and an exception duly taken.

Thereupon the learned Circuit judge found in favor of the company, and held that the city was liable for the whole amount of the three above-mentioned bills, with interest. Judgment has been entered for the amount of the finding.

It is now claimed on behalf of the city that there was legal error in the finding with respect, at least, to two of the bills which were the subject of the contest. The two bills of the latest dates are those in respect to which it is contended that the evidence shows that the city was under no legal liability

to pay.    The bill of the earliest date, it is conceded, the city is legally bound to pay.

The distinction which is supposed to separate these bills and to lead to the concession that the first bill is enforceable against the city, and that the others are not, will appear from the following brief statement.

The purchase of such goods as were included in these bills, by the city, it is admitted by counsel for both parties, is within the functions of the board of street and water commissioners. That board may contract for such purchase without advertising for bids, when the amount of the purchase does not exceed $500.    But whether under or over that amount, the power to bind the city by a contract of purchase is in that board.

By the evidence in the bills of exception the board of street and water commissioners passed no resolution, and did no act, looking to the ordering or purchasing of any of these goods before the goods were ordered or delivered.    They were ordered, or "requisitioned," by officers of some department of the city government, without any action by the board, but it is conceded that the goods were actually received and used by the city.

After the goods charged in the first bill for $270 were thus received, the board of street and water commissioners, by a formal resolution, ordered and directed payment of that bill to be made to the company.    The resolution was duly sent to the mayor, and not having been vetoed by him, be-came, at the close of the prescribed period, a valid act on the part of the city.    A warrant was drawn to carry out the direction of the resolution, but it was never signed by the mayor, and no payment has been made upon that bill.

Upon this state of facts the counsel for the city properly concedes its liability in some form.    Perhaps a *mandamus* would have compelled the mayor to have signed the warrant. *Ahrens* v. *Fiedler*, 14 *Vroom* 400.    But it is clear that, although the contract of purchase is shown not to have been made by any precedent act of the board of street and water commissioners, yet (the goods having been in fact ordered by

some subordinate and delivered and used), the subsequent resolution of that board adopted the act and ratified and recognized an enforceable contract. *Keeney* v. *Jersey City*, 18 *Id.* 449; *Cory* v. *Freeholders*, 15 *Id.* 445.

The question of the liability of the city to pay for the goods covered by the last two bills is raised by different proof. It appears by the evidence that in respect to these goods the board of street and water commissioners has never taken any action. It did not order, nor has it recognized and ratified, such purchase. The goods were requisitioned by subordinate officers without authority from the board. Their delivery and receipt was recognized by two other subordinate employes—in one case by a foreman of laborers, in the other case by a stableman. There is nothing to justify the inference that the board had any knowledge either of the requisitions or of the receipt and use of the goods.

Upon this evidence it is apparent that the city has not become bound by any express contract to pay for such goods.

The contention is that the acceptance and use of the goods by the city has raised an implied contract to compensate the company which furnished them for their value.

It is open to question whether, if the evidence disclosed that the board of street and water commissioners, who were empowered to bind the city by contract for such purchase, had known of the requisition and the subsequent acceptance and use of the goods, an implied contract would have arisen on the part of the city. Under the doctrine ably vindicated and supported by Chief Justice Beasley in *Hackettstown* ads. *Swackhamer*, 8 *Vroom* 191, I think no implied contract would have arisen.

But that is not the case before us. The goods in question were not knowingly accepted or used by the board. There is, therefore, nothing to indicate an acceptance by the authority empowered to bind the city. To maintain the contention here made would enable employes, who have not been authorized to purchase goods for the city's use nor empowered to bind the city to pay for the same, to impose a liability on the

city without the determination and judgment of the board to whom that function has been committed.

It was, in my judgment, erroneous to include in the finding the last two bills, and for this error the judgment must be reversed.

*For affirmance*—None.

*For reversal*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   14.