MALCOLM MACLEAR, PLAINTIFF, DEFENDANT IN ERROR,
    v. THE MAYOR AND COMMON COUNCIL OF THE CITY
    OF NEWARK, DEFENDANT, PLAINTIFF IN ERROR.

Submitted March 22, 1909—Decided June 14, 1909.

1. An ordinance prohibiting a city officer from receiving any com-
   pensation except his salary for services rendered to the city will
   prevent a city attorney from maintaining an action against the
   city for legal services rendered pursuant to request of a special
   committee that was empowered by resolution of the city council
   to employ special counsel.
2. *Klemm* v. *Newark*, 32 *Vroom* 112, distinguished.

On error to the Supreme Court.

For the plaintiff in error, *Francis Child, Jr.,* and *Herbert
Boggs.*

For the defendant in error, *Franklin W. Fort.*

The opinion of the court was delivered by

PARKER, J.   The defendant in error, plaintiff below, recov-
ered a judgment of $1,000 and interest against the city of
Newark for services as one of three "special counsel" to a
committee appointed to inquire into and report on the legality
of a contract of the city with the Delaware, Lackawanna and
Western Railroad Company for the elevation of its tracks, and
certain other matters connected therewith, and the city brings
this writ of error to review that judgment.

At the time of his retainer by the special committee Mr.
MacLear held the office of city attorney of the city of Newark,
receiving a salary as such of $4,000 a year, and his claim was
resisted on the grounds—*first,* that his employment was not
made in a manner binding on the city; *secondly,* that any
services which he performed were such as properly would be
rendered by virtue of his office as city attorney, and *thirdly,*
that by city ordinance he was debarred from receiving any

compensation, except salary, for any service performed by him.

The material facts are that in December, 1905, the common council passed a resolution providing for the appointment of a special committee for the purposes already mentioned, and purporting to give the committee "the power to employ, in its discretion, special counsel,"   *   *   *   "and that the expenses of said investigation shall not exceed six thousand dollars." The committee met and appointed two outside counsel (whose bills were afterward paid) and plaintiff. An identical resolution was passed on January 5th, 1906, the term of the first committee having expired with that of the counsel on December 31st, and a new committee was appointed, who designated the same counsel. Neither resolution was ever approved by the mayor or passed over his veto, as required by section 30 of the city charter, but on December 1st, 1905, a resolution was passed appropriating a sum not to exceed $1,000 for the purpose of investigation, and on January 5th, 1906, a similar resolution was passed appropriating $5,000 more. Both these last resolutions were approved by the mayor.

Motion to nonsuit was made on the first two grounds above mentioned, and motion to direct a verdict on all three grounds. These motions were denied and the case submitted to the jury, which found for the plaintiff in the full amount of his claim.

Several interesting questions are raised on this writ of error—*first,* whether plaintiff, being already city attorney, could be a "special counsel" within the meaning of the resolution; *secondly,* whether the services performed by plaintiff were wholly or partly outside the scope of his regular duties as city attorney, and so not within the rule in *Evans* v. *Trenton,* 4 *Zab.* 764; *thirdly,* whether the acceptance of plaintiff's services and the payment of the other two counsel would amount to such a ratification by the city authorities as to bring the claim within the rule in *New Jersey Car Spring and Rubber Co.* v. *Jersey City,* 35 *Vroom* 544. We find it unnecessary to decide any of these points for the reason that we consider the plaintiff's claim barred by the ordinance introduced in evidence, and which reads as follows:

"Section 10. No city officer shall be interested in any con-
tract with the city, or in compensation for work done for, or
materials or supplies furnished to the city, or to any con-
tractor, or other person furnishing the same to the city, nor
shall he participate in any profits with such contractor or
other person or receive any compensation, commission, gift or
other reward for his services, except the salary or fees estab-
lished by law, or by ordinance or resolution of the common
council."

This ordinance, which had been continuously in force from
a time prior to plaintiff's employment up to the trial, makes
no discrimination between services within and without the
scope of employment of a city officer, but applies to all alike,
and, unless invalid or repealed, effectually disposes of the
claim under consideration. Its validity is not attacked, but
it is argued that the case of *Klemm* v. *Newark,* 32 *Vroom* 112,
justifies a recovery under the circumstances of this case not-
withstanding the ordinance. That decision is not binding on
this court, but if it were it would not control this case. The
declaration in Klemm *v.* Newark set up services performed by
plaintiff as an architect in designing two engine-houses for
the city *"at its request."* The plea alleged that plaintiff at the
time of performing the services was a school commissioner,
and that his claim was barred by the ordinance. On de-
murrer to the plea the court held that the words "at its
request" contained in the declaration and admitted by the
plea, implied a contract by the city itself with one of its
officers for work manifestly outside the line of his official duty,
which amounted to a suspension *pro tanto* of the ordinance,
and when it had been performed by the other party, the city
would not be permitted to repudiate it. The opinion ex-
pressly distinguishes the case from one in which the contract
is made with a city officer by a board or committee, as in the
case at bar. All that appears in this case is that by resolution,
not approved by the mayor, the committee was authorized to
employ special counsel; that at the same time certain moneys
were by resolutions, which were so approved, appropriated to
pay expenses of the investigation; that the committee re-

quested plaintiff to do certain work as counsel and that he did it. There is nothing in any of the resolutions to indicate that the employment of a city official was contemplated by the council or that any repeal of the ordinance or action inconsistent therewith was intended.

The court was requested to direct a verdict for defendant on the ground that this ordinance prohibited plaintiff as a city officer from receiving any compensation beside his salary for the services rendered, except as provided in the ordinance, and that plaintiff was not within the exception, and was requested to charge that under section 10 of the ordinance plaintiff had no right to compensation beyond his salary and could not recover in the suit. Verdict should have been directed accordingly, or the jury instructed in accordance with the request stated, which would amount to a direction.

The judgment will be reversed and a *venire de novo* ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, J.J. 16.