ELIPHET DECAMP, APPELLANT, v. MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, APPELLEES.

Submitted March 19, 1909—Decided June 23, 1909.

A mechanic or day laborer employed by the superintendent of buildings of the city of Newark to assist in the administration of the police power under section 111 of the revised ordinances of that city may, for assistance so rendered, maintain an action against the city without regard to whether or not the superintendent had followed the procedure laid down in other sections for the protection of property owners and for the determination of their rights as between them and the city.

On appeal.

Before Justices GARRISON, BERGEN and VOORHEES.

For the appellant, *Frederic M. P. Pearse.*

For the appellees, *Francis Child, Jr.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff in the District Court having been nonsuited brings this appeal. The action was against the city for work ordered by the superintendent of buildings. This official testified at the trial that while in office he employed the plaintiff to do the work for the price of which this action was brought, and also that the building on which the work was ordered to be done was dangerous to the public and that the work was done under his supervision and was properly done. The plaintiff testified to the doing of the work, and that an estimate had first been given to the superintendent of buildings, at whose instance at the conclusion of the work a bill therefor had been presented to the owner of the building who had paid $50 which plaintiff credited on his bill. The dangerous condition of the building to the public was testified to by the inspector of buildings, who also said that the

price charged by the plaintiff was reasonable, in fact, was low. A nonsuit was asked for on two grounds—*first*, that by rendering a bill to the owner and accepting something on account the plaintiff was debarred from recovering the balance from the city. This obviously cannot be so. If the city was liable for the whole bill the circumstance in question does not discharge it from liability for part of the bill.

The only other ground urged for nonsuit was that the work was unnecessary and was ordered by the superintendent in excess of his authority, which was limited to cases where buildings were dangerous to the public. This ground for nonsuit could not be sustained since it was directly in the face of all of the testimony. These being the sole grounds on which a nonsuit was asked, the court ordered that the plaintiff be nonsuited because the superintendent of buildings had not followed the procedure provided in certain sections of the city ordinances, notably section 99. This section, which is evidently intended for the protection of the rights of the owners of buildings and as a condition precedent to the action against them for reimbursement that the city is authorized to bring, provides for an adjudication of facts by common council and a judgment supported by a two-thirds vote of that body. Whether any such proceeding was had in the present case we are not informed, as the matter was not made the subject of inquiry at the trial or raised on the motion to nonsuit. In the absence of the owner of the building the pertinence of such proceeding is not apparent. Section 111, which was mentioned on the trial as the section under which the superintendent of buildings proceeded, authorizes that officer, in cases where buildings are dangerous, to enter upon the premises. and "with such assistance as may be necessary, and cause the said structure to be made secure or taken down at the expense of the owner or party interested." Section 103 provides greater details for the safeguarding of the rights of property owners in cases that come within its purview. Whether the city can successfully charge the property owner with the expenses incident to the carrying out of an order of its super-

intendent of buildings is a totally different proposition from whether or not the city is liable to workmen employed by that official. The practical situation is that, under the city ordinances, the superintendent of buildings, in the exercise of a police power in certain emergencies, is expressly authorized to employ assistance, and where certain steps have been taken the city may recoup itself in an action against the property owner. In the latter case the propriety of the exercise of such authority as between the city and the property owner is made to depend upon a proceeding that is more or less judicial in character, but the right of the superintendent to employ a mechanic to assist him in the administration of an emergency police power is necessarily not of a judicial nature. The city ordinances do not, in our opinion, lay down a hard and fast rule by which a day laborer or mechanic, when called upon by the proper city official to assist him in an emergency involving the public safety, is required to examine into and pass judgment upon the legal propriety of such administrative act as between the city and the property owner, and, accordingly as he may decide such legal question, either refuse to render the required assistance or to render it at the peril of getting no pay for it. Such a rule would be impracticable, and is not imposed by the city ordinances reasonably construed.

The broader question decided in *Car Spring and Rubber Co.* v. *Jersey City,* 35 *Vroom* 544, and *Jersey City Supply Co.* v. *Jersey City,* 42 *Id.* 631, does not arise here if the distinction between the right of a property owner and that of an employe, as recognized by the city ordinances, is valid.

The nonsuit that was ordered being, in our opinion, erroneous, the judgment of the First District Court of the city of Newark must be reversed.