62 625
70 112

THE STATE, THE LONG BRANCH FIREMEN'S RELIEF ASSOCIATION, PROSECUTOR, v. JOSEPH W. JOHNSON, COLLECTOR OF TAXES OF THE TOWNSHIP OF EATONTOWN.

Submitted July 12, 1898—Decided November 7, 1898.

1. The funds of an exempt firemen's relief association, under the act of the legislature approved March 17th, 1893 (*Pamph. L.*, p. 422; *Gen. Stat.*, p. 3448), which are used exclusively for the purposes of such association, are exempt from all state, county or municipal taxation, and the fact that such funds have accumulated, for the time being, in excess of what is necessary to meet the demands of the association, does not render them taxable.

2. An investment of such accumulated funds by a mortgage on lands, in order to obtain interest, whereby to increase the property of the association, to be used to promote the charitable purposes and objects of the incorporation, does not render the mortgage taxable as against the express exemption, by the statute, of all the real and personal estate of the association from taxation. In whatever shape such real or personal estate may exist, so long as it is devoted or kept to be devoted exclusively to the objects of the incorporation, it remains non-taxable.

On *certiorari.* In matter of taxation.

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *Heisley & Morris.*

For the defendant, *James Steen.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This is a *certiorari* to review an assessment of taxes in the township of Eatontown, in the county of Monmouth, upon a mortgage held and owned by the prosecutor on lands lying in such township.

The sole question raised is whether this mortgage is taxable.    The prosecutor is a corporation created and existing by virtue of an act entitled "An act concerning firemen's relief associations," approved March 25th, 1885.    *Pamph. L., p.* 144; *Gen. Stat., p.* 1494.    The objects and purposes of the incorporation under this statute are to provide funds for the relief, support or burial of indigent exempt firemen and of their families, and of such persons as may be injured or killed while doing public fire duty, or may become "indigent or disabled, or may die as the result of their doing such duty, or may be prevented by such injury or by sickness arising from such duty, from attending their usual occupation or calling. *Id., p.* 1498, § 118.

The state of facts shows that this corporation uses and distributes its funds accumulated under the provisions of the act by which its existence is authorized, in accomplishing the purposes and objects of its incorporation, and in paying the expenses necessarily incidental thereto.

Out of the accumulated funds of the association it has purchased and now holds a mortgage upon lands in the township of Eatontown, which mortgage bears the legal rate of interest which is paid to the association in accordance with the terms of the mortgage.    The mortgage was purchased, and is now, and has always been, held by the association for the sole and exclusive purpose of producing interest moneys and maintaining a fund to be used as other moneys of said prosecutor are used.

It has the express power to so invest its funds.    See supplement *Pamph L.* 1892, *p.* 279, § 1, ¶ 5 ;· *Gen. Stat., p.* 1501.

It is clear to my mind that this mortgage is exempt from taxation.

The first section of an act entitled "An act to exempt from

taxation real and personal property of exempt firemen's associations, and of firemen's relief associations," approved March 17th, 1893 (*Pamph. L., p.* 422; *Gen. Stat., p.* 3448), provides, " that the real and personal estate of any exempt firemen's association, and of all firemen's relief associations, which is used exclusively for the purposes of such association, shall be exempt from all state, county and municipal taxation so long as such property is used exclusively for such purpose."

It appears by the state of facts that some portion of the funds of the association is used to defray the expenses of delegates to the annual meeting of the State Firemen's Relief Association. The amount is not stated, nor does it appear to be drawn from either the principal or interest of this mortgage, and even if it were so, it is but an incidental expense to the purposes and objects of the association, and the state of facts does not at all denote that these expenses are unreasonable or unnecessary.

These acts concerning exemptions of this class are liberally construed. *Sisters of Charity, &c.,* v. *Township of Chatham,* 23 *Vroom* 373 ; *Trustees* v. *Silverthorn,* 23 *Id.* 73, 75.

But the provisions of the act to which reference has last been made are express in their character. They need no construction whatever in order to sustain an exemption.

The fact that the association has accumulated a fund for the time being in excess of what is necessary to meet the demands of the society does not render that fund taxable. It may be needed at any time. If it were deposited in bank it would no more be taxable than if it remained in the safe of the association or in the hands of its treasurer. If the bank should pay interest on the balance in bank, as many banks do, that fact would not render it taxable. Neither can it be said that the investment by way of mortgage, in order to obtain interest to increase the funds to be used to promote the charitable purposes of the incorporation, render it taxable against the express exemption of all the real and personal estate of the association from taxation. In whatever shape such real or personal property may exist, so long as it is

devoted or to be devoted exclusively to such objects and purposes, it remains non-taxable.

The assessment of taxes against this association on this mortgage must be set aside, with costs.