STATE BOARD OF TAX APPEALS.

MORRISTOWN FIREMEN'S RELIEF ASSOCIATION, PETITIONER, v. TOWN OF MORRISTOWN, RESPONDENT.

Decided March 17, 1942.

For the petitioner, *King & Vogt* (by *Robert H. Schenck*).

For the respondent, *Nathaniel C. Toms*.

For Trenton Paid Firemen's Relief Association, *amicus curiæ, John Oswald*.

QUINN, President. Petitioner is the owner of three parcels of real property situated in the respondent taxing district, duly assessed for taxation for the year 1940. They comprise dwellings which were rented by petitioner to tenants, as of the assessing date, and produced an income devoted by petitioner to its proper corporate purposes. The question raised by the present appeal is as to whether or not this property was exempt from taxation by the township, under *R. S.* 54:4-3.10; *N. J. S. A.* 54:4-3.10, which provides as follows:

"The real and personal property of any exempt firemen's association, firemen's relief association and volunteer fire company incorporated under the laws of this state and which is used exclusively for the purpose of the corporation shall be exempt from taxation under this chapter."

Applications for exemption of the property were denied by the Morris County Board of Taxation.

It is undisputed that petitioner acquired these properties through foreclosure of mortgage loans granted by it out of funds allotted to it from the proceeds of the taxation of foreign insurance companies, under *R. S.* 43:17-1 *et seq.; N. J. S. A.* 43:17-1 *et seq.* It is equally obvious that the real property in question is used as dwellings by the tenants living therein, and not by petitioner in any sense other than that of its use of the rental proceeds thereof. In precisely such a situation we have heretofore held that the property could not be said to be exclusively used for the purposes of the association. *Borough of Neptune City* v. *Freehold Firemen's Relief Association, New Jersey Tax Reports,* 1934-1939, *p.* 733 *(State Board,* 1939). We there referred to *Long Branch Firemen's Relief Association* v. *Johnson (Supreme Court,* 1898), 62 *N. J. L.* 625; 43 *Atl. Rep.* 573, where it was held that a mortgage held by such an association was property properly subject to exemption under a statute similar to *R. S.* 54:4-3.10; *N. J. S. A.* 54:4-3.10, but we indicated that the case before us was controlled by *Young Men's and Young Women's Hebrew Association* v. *City of Newark (Supreme Court,* 1938), *affirmed (Court of Errors and Appeals,* 1938), 121 *N. J. L.* 65; 1 *Atl. Rep.* (2d) 367, wherein it was held that a requirement of exclusive user in an exemption statute must be strictly complied with by an exemption claimant, and we accordingly denied the claimed right of exemption. We see no reason to alter the view that we expressed in the Neptune City case. We are unable to comprehend how it can be concluded that an exemption of property exclusively used for the purposes of an association applies to property rented by such association to private dwellers.

We are asked to reconsider our former ruling upon the ground that we failed to take cognizance of the fact that under the laws governing the powers of such organizations, they are granted the right of investment in real estate purchased at foreclosure sales of their own mortgages. The assumption apparently is that we are required to conclude that the scope of the exemption granted by *R. S.* 54:4-3.10; *N. J. S. A.* 54:4-3.10 extends to foreclosed property or to any

other property lawfully acquired or owned by the association, entirely apart from express conditions upon the right of exemption, incorporated in the exemption statute. A logical extension of the contention thus urged would lead to the conclusion that all of the commercial and rent producing real estate lawfully owned, for example, by some of the religious associations of this state, was exclusively devoted to the purposes of such organizations, within the applicable exemption statute, *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, if only it were shown that all of the proceeds of the property were devoted to the proper uses of the association. An examination of all of the statutory sections dealing with the exemption of real and personal property used in the work and for the purposes of various types of organizations compels the conclusion that exemptions are intended to be granted only when the property is used, directly, and in the sense in which such property is peculiarly susceptible of use, for the particular exempted purpose, be it charitable, educational, religious, fraternal, or in the work of any of the other exempt type organizations. See *R. S.* and *N. J. S. A.* 54:4-3.5, 54:4-3.6, 54:4-3.7, 54:4-3.13, 54:4-3.15, 54:4-3.24, 54:4-3.25 and 54:4-3.26.

Any construction of a statute, such as that here contended for by petitioner, which would make an exemption from taxation depend, not upon the peculiar use to which the property itself was put, or its inherent characteristics, but upon the status of its owner, and the use by the latter of the rental proceeds of the property, would, in our opinion, offend the constitutional limits of tax exemptions, under New Jersey Constitution, article 14, section 7, paragraph 12, set out in *Tippett v. McGrath (Supreme Court, 1903)*, 70 *N. J. L.* 110; 56 *Atl. Rep.* 134; *affirmed (Court of Errors and Appeals, 1904)*, 71 *N. J. L.* 338; 59 *Atl. Rep.* 1118. We should strain toward a construction of the act which will assure its constitutionality, and in any event, should resolve any doubt as to the right of exemption from taxation in any specific instance, against its existence.

The foregoing considerations require an affirmance of the assessments and of the judgments of the county board.

Judgments accordingly.