MARION C. O'KEEFE, PROSECUTRIX, v. BOARD OF TRUSTEES OF THE STATE EMPLOYEES' RETIREMENT SYSTEM OF NEW JERSEY, AND J. A. WOOD, SECRETARY, RESPONDENTS.

Submitted January 18, 1944—Decided May 6, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutrix, *Frank C. Scerbo.*

For the respondents, *David T. Wilentz,* Attorney-General.

The opinion of the court was delivered by

PERSKIE, J. This is a state pension case. The narrow question for decision is whether prosecutrix is entitled, as claimed for the state, only to the payment of the "accumulated deductions" standing to the credit of her deceased hus-

band in the Annuity Savings Fund (*R. S.* 43:14-29), or whether, as claimed for the prosecutrix, she is additionally entitled to an allowance of one-half of the "final compensation" (*R. S.* 43:14-1.e) of her deceased husband, as a "pension" to her "to continue during her widowhood." *R. S.* 43:14-37.

Martin R. O'Keefe was a practicing member of the bar and was employed as the Morris County district supervisor of the New Jersey Transfer Inheritance Tax Department. He had been employed by the state since 1917, he was a member of its retirement system (*R. S.* 43:14-2), and deductions were made from his salary, for approximately twenty years, in accordance with the provisions of *R. S.* 43:14-1, *et seq.*

Mr. O'Keefe was required to maintain an office, at his own expense, for the carrying on of his tax work for the state, "to be on duty to take care of matters that might come up in connection with the office during the hours of 9 A. M. to 5 P. M. weekdays, and 9 A. M. to 12 o'clock on Saturdays." It was not necessary that he be "in his office" at all times so long as he was "available." He was a "part time" employee. He was not obliged to and did not give up his practice of the law. He conducted his private legal practice and did the office work, relating to his state position, at his offices on the second floor of the Park Square Building, Morristown, New Jersey.

On July 26th, 1941, while going to his offices, between 9:00 A. M., and 10:00 A. M., he reached the inside of the office building, walked up the stairs leading from the first to the second floor, and as he arrived at the head of the stairs he was seen to pause and then topple over and fall to the bottom of the stairway, sustaining injuries which resulted in his death on August 2d, 1941.

Upon these proofs, adduced on hearing, the State Board of Trustees of the State Employees' Retirement System of New Jersey denied the claim of the prosecutrix for a pension. In other words, it sustained the position taken for the state as indicated in the posed question requiring decision. We think that the denial of prosecutrix' claim is correct.

So far as is here pertinent, *R. S.* 43:14–37, as amended *Pamph. L.* 1939, *ch.* 149, *p.* 491, provides:

"Upon the death of a member in active service in the *actual* performance of duty and not the result of his willful negligence, an accident death benefit shall be payable, \* \* \* provided evidence is submitted to the board of trustees proving that the natural and proximate cause of his death was the performance of duty on his part at some definite time and place."

No terms of art are employed in this statute. The words employed are plain, simple, clear and unambiguous. To words so employed we give their natural and ordinary meaning, significance and import. *Cf. Hackensack Trust Co.* v. *Hackensack,* 116 *N. J. L.* 343, 346; 184 *Atl. Rep.* 408; *Fedi* v. *Ryan,* 118 *N. J. L.* 516, 517; 193 *Atl. Rep.* 801; *Antonelli* v. *Newark,* 128 *N. J. L.* 531, 532; 27 *Atl. Rep.* (2d) 12; *In re Act Concerning Alcoholic Beverages,* 130 *N. J. L.* 123, 128; 31 *Atl. Rep.* (2d) 837. There is no reason or need for judicial construction. *Cf. Herod* v. *Mutual Chemical Co.,* 115 *N. J. L.* 369, 372; 180 *Atl. Rep.* 432; *Public Service Co-ordinated Transport* v. *State Board of Tax Appeals,* 115 *N. J. L.* 97, 103; 178 *Atl. Rep.* 550; *Ott* v. *Braddock,* 119 *N. J. L.* 507, 510; 197 *Atl. Rep.* 271.

There is not a scintilla of proof that decedent was at the time of his fall "in the *actual* performance of his duty," and that the "natural and proximate cause of his death was the performance of duty on his part." Admittedly, he had not even reached his offices where he did his work. Nor was he returning to his offices from the "actual" performance of his duties.

The workmen's compensation cases of which *McAnney* v. *Galloway Township,* 120 *N. J. L.* 311; 199 *Atl. Rep.* 369, and *Paterson* v. *Smith,* 126 *N. J. L.* 571, 573; 20 *Atl. Rep.* (2d) 323, are typical and urged, by way of analogy, in support of prosecutrix' claim, are clearly without application. In those cases the phrase "in line of duty," contained in the supplement to the Workmen's Compensation Act (*R. S.* 34:15–43), was construed not to have been intended by the legislature "to qualify the basic relationship of the injury

to the employment." But in the statute here invoked, the legislature in language "admitting of no doubt of its intention" (*McAnney* v. *Galloway Township, supra,* at *p.* 313), did qualify the basic relationship of the injury to the employment. It provided that the accidental death benefit (pension) shall be payable upon the death of a member in active service in the "actual" performance of duty. The proofs utterly fail to satisfy the statute. Liberal construction is no judicial substitute for proof.

The writ is dismissed, without costs.