CITY OF CLIFTON, PROSECUTOR-APPELLANT, v. STATE BOARD OF TAX APPEALS AND WEST RIDGELAWN CEMETERY, DEFENDANTS-RESPONDENTS.

Argued May 20, 1947—Decided September 25, 1947.

214

For the appellant, *John G. Dluhy* (*Frank W. Shershin*, of counsel).

For the respondent West Ridgelawn Cemetery, *Joseph L. Lippman*.

The opinion of the court was delivered by

COLIE, J.   This appeal brings up a judgment of the Supreme Court affirming a judgment of the State Board of Tax Appeals which granted exemption from taxation on certain lands of the defendant corporation.

The matter here involved is no stranger either to the Supreme Court or to this court.   The precise question has twice been before the Supreme Court and this appeal is the second to this court.   The subject-matter relates to taxes assessed by the City of Clifton on real estate owned by West Ridgelawn Cemetery.   The cemetery appealed from the assessment, claiming that the lands were exempt.   The Passaic County Board of Taxation dismissed the application for exemption.   The cemetery then took an appeal to the State Board of Tax Appeals which granted the claim of exemption. See *West Ridgelawn Cemetery* v. *Clifton*, 20 *N. J. Mis. R.* 399.   The municipality was allowed a writ of *certiorari* to review the grant of exemption and upon the return of the writ, the Supreme Court affirmed the judgment of the State Board.   See *Clifton* v. *State Board of Tax Appeals*, 131 *N. J. L.* 356, saying: "We conclude that the prosecutor has not established that the lands in question were not, on the assessing date, owned by an appropriate cemetery association, and that they were not laid out and dedicated for cemetery uses, and that they were not either actually used for burials, or were not being laid out and prepared for such use." On appeal to this court we reversed and remanded the case. *Clifton* v. *State Board of Tax Appeals*, 133 *Id.* 379, saying: "There is evidence which in the view of the municipality tends to establish an interlocking directorate and management of the business corporation and the rural cemetery association, and the operation of the cemetery for profit under the guise of the non-profit association contemplated by the

*Rural Cemetery Act.* The question thus raised was not resolved by the Supreme Court. And, as we have seen, there are other issues of fact and law remaining to be determined. Accordingly, in keeping with the usual course of procedure, the record will be remitted to the Supreme Court for a review of the evidence and the settlement of all factual issues, * * *." In due course the Supreme Court reconsidered the case and again affirmed the grant of exemption by the State Board of Tax Appeals. The Supreme Court opinion after the remand will be searched in vain for a finding of whether or not the evidence established "an interlocking directorate and management of the business corporation and the rural cemetery association, and the operation of the cemetery for profit under the guise of the non-profit association contemplated by the *Rural Cemetery Act.*" The omission to settle the question of the essential element of control is one of the grounds of the present appeal and in order to terminate this protracted litigation as to the taxes for 1940, we will now dispose of the question.

From the two volumes of printed record before us, it may be gleaned that there are seven active corporations involved in the use of this land for cemetery purposes; namely, King Solomon Cemetery, Inc.; Crest Haven Cemetery Association, Inc.; Crest Haven Cemetery Association; Allwood Investment Co.; Crest Haven Management Corp.; King Solomon Cemetery Managment Corp., and West Ridgelawn Cemetery. The bookkeeping for six of the seven corporations is done with but two sets of books and the allocation of expenditures to each is determined by one H. Jerome Sisselman, to whom we will have occasion to refer hereafter. Connected with these seven corporations are three individuals, by name, William H. Kelly, Samuel I. Kessler and H. Jerome Sisselman. Kelly is an officer and a director in four of the named corporations. Sisselman is an officer and director in five and a trustee in one. Kessler is an officer and director in six and a trustee in one. From an examination of the lists of officers, directors and trustees of the various corporations, it appears that Kessler annd Sisselman are in one or more capacities connected with the management of each. Kelly is connected

with the management of four. Sisselman was the most active participant in the management, entering into and executing contracts for these corporations. It was he who determined to which of the various organizations expenditures were to be charged. In 1939 Sisselman, in the name of Crestwood Cemetery Association, Inc., contracted with a construction company for certain work on two of the tracts of land for which exemption is now claimed by West Ridgelawn Cemetery. This transaction is significant in view of the decisions in *West Ridgelawn Cemetery* v. *State Board of Tax Appeals,* 124 *N. J. L.* 284.; *affirmed,* 125 *Id.* 274, which held that Crestwood Cemetery Association, Inc., was a business corporation and therefore not entitled to tax exemption. The 1939 transaction in which the business corporation contracted for work to be performed on property owned by West Ridgelawn Cemetery bespeaks a close connnection between the business association and the cemetery.

Speaking for the Supreme Court in the case last cited, Mr. Justice Perskie said: "Tax exemptions are not favored. Each claim for exemption must be critically examined. Unless the right is clearly established it should be and is denied." The evidence in this cause when examined critically does not establish the right to tax exemption. The burden of proving facts which would entitle the claimant to exemption has not been met. Rather, the corporate setups, the interlocking management and directorates, coupled with the inadequate books of account and a total absence of testimony as to the disposition of profits of the various corporations, point toward a studied effort to operate "the cemetery for profit under the guise of the non-profit association contemplated by the Rural Cemetery Act."

In view of the basis upon which this decision is grounded it becomes unnecessary to discuss any other points raised.

The judgment under review is reversed, with costs.

*For affirmance*—BODINE, WACHENFELD, EASTWOOD, WELLS, DILL, JJ. 5.

*For reversal*—THE CHANCELLOR, HEHER, COLIE, BURLING, FREUND, MCGEEHAN, MCLEAN, JJ. 7.