Defendant, Connoil Corporation, contends that certain petroleum products stored with Lawrence Warehouse Company, in the Borough of Edgewater, are exempt from taxation under the provisions ofR.S. 54:4-3.20. A municipal assessment was, on appeal, reversed by the County Board of Taxation. On appeal to the State Division of Tax Appeals the assessment was restored, from which judgment defendant prosecutes this appeal.
On August 22, 1946, the Meadville Corporation leased to the Connoil Corporation storage tanks having a capacity of *Page 340 
approximately 170,000 gallons at a minimum annual rental of $40,000. Thereafter, defendant, with the written consent of the Meadville Corporation, sublet the tanks to the Lawrence Warehouse Company, a California corporation, conducting a general field warehousing business of a national scope and licensed by the State of New Jersey to "maintain warehouses and conduct a general warehousing business" within this State. On September 3, 1946, the Lawrence Company and defendant entered into a written agreement, whereby the Lawrence Company, in consideration of the rates and charges to be paid by the defendant to the Lawrence Company, for its services enumerated therein, agreed to store and handle appellant's petroleum products and to "extend to the depositor the full benefit of its facilities and experience as a field warehouseman." The agreement was for a term of three years and was in force at the time of the assessment in question. The commodities assessed were stored in the tanks mentioned, and Lawrence issued negotiable warehouse receipts for certain portions thereof. It is conceded that at times large quantities of defendant's products were stored by the Lawrence Company without the issuance of warehouse receipts. Products of other dealers approved by Connoil were stored in the tanks.
The Division of Tax Appeals denied exemption to appellant on the sole ground that the evidence was insufficient to establish that the Lawrence Company was here engaged in the business of storing goods for hire.
Plaintiff contends that "The taxpayer has not established abona fide warehouse relationship. The proof demonstrates quite clearly that the Connoil Corporation has engaged the Lawrence Company solely for the purpose of hypothecating portions of the corporation's oil." Per contra, defendant contends that the Lawrence Company was legitimately engaged in the warehouse business on a national scale and that the agreement between the Lawrence Company and Connoil, supported by the proffered evidence, established that Connoil petroleum products were stored for hire in the tanks of the Lawrence Company, and, therefore, exempt from taxation under R.S. 54:4-3.20. *Page 341 
Defendant contends that the case of Maritime Petroleum Corp.v. Jersey City, 1 N.J. 287 (Sup. Ct. 1949), is dispositive of the issue here. It must be conceded that, if the factual issue here were the same as that which prevailed in the MaritimePetroleum Corp. case, we would be bound by it. However, a careful review of the facts here is persuasive that this case is clearly distinguishable from the Maritime case. In theMaritime case, the Tank Port Terminals, Inc., engaged in the public warehousing business, owned and maintained tanks for the sale of its storage facilities, accepted petroleum products from all who desired to store same, issued warehouse receipts therefor and the Maritime Petroleum Corporation had no employees at the warehouse. Here, Connoil, who leased the tanks from Meadville at a minimum annual rental of $40,000, sublet them to Lawrence at a nominal annual rental of $1; at times Connoil admittedly had as much as 6,000,000 gallons of oil in the tanks for which no warehouse receipts had been issued, and "whatever was not on receipt was considered free oil available to use for our own use as we (Connoil) saw fit;" Connoil dictated whether others might store their petroleum products in the tanks and, without Connoil's consent, Lawrence could not accept any other storers; admittedly "a couple of times a month" Mr. Adolph, treasurer and secretary of Connoil, "has control over the tanks;" and oil was sold in retail truck load quantities of four or five thousand gallon lots as well as in wholesale quantities, warehouse releases being obtained in bulk and not in truck load quantities. We are persuaded by this factual situation that a bona fide
warehouse relationship did not exist between Lawrence and Connoil. It is true, that some of the facts heretofore recited, considered independently, will not defeat the right of the taxpayer to exemption under the pertinent statute; yet, considered in the light of the entire factual picture, we are convinced that the exemption claimed here is not within the legal intendment of the applicable statute.
The legislative purpose prompting the enactment of R.S.
54:4-3.20 is aptly described in the case of Schwartz v. EssexCounty Board of Taxation, 129 N.J.L. 129 (Sup. *Page 342 Ct. 1942); affirmed, 130 N.J.L. 177 (E. A. 1943), wherein it is held: "In order to place New Jersey warehouses on an equal footing with other competitors in the two states named, the Legislature saw fit to grant exemption from taxation on personal property so stored." However, to bring one within the immunity ofR.S. 54:4-3.20, defendant was required to strictly prove every essential element to its right to exemption. Mr. Justice Perskie, speaking for the Supreme Court, in the case of City of Trentonv. State Board of Tax Appeals, 127 N.J.L. 105 (1941), clearly stated this recognized rule of law as follows:
"The applicable legal principles present no difficulty. The right to the claimed statutory exemption depends entirely upon the facts and circumstances of each particular case. DanaCollege v. State Board of Tax Appeals, 14 N.J. Misc. 308, 310; 184 A. 412; affirmed, 117 N.J.L. 530; 189 A. 620. Since statutes granting exemption from taxation are in the nature of a `renunciation of sovereignty,' and are at war with the sound basic principle that the `burden of taxation ought to fall equally upon all,' they are most `strongly construed' against those claiming exemption. Thus the facts and circumstances in each case must clearly and convincingly establish the right to exemption within the statute granting exemption, otherwise the general rule is invoked which subjects `all property to a just share of the public burdens.'"
And
"* * * The burden of proof is upon the claimant to establish the asserted right to exemption. * * *"
City of Trenton v. State Board of Tax Appeals, supra, was cited with approval in the case of City of Clifton v. StateBoard of Tax Appeals, 136 N.J.L. 213 (E. A. 1947).
A careful study of all the proofs, and legitimate inferences properly deducible therefrom, satisfies us that defendant failed to carry the burden imposed upon it by law to clearly and convincingly establish it was entitled to the claimed tax exemption.
The judgment of the State Division of Tax Appeals is affirmed, with costs. *Page 343