41 N.J. Super. 345 (1956)
125 A.2d 153
IN THE MATTER OF THE ESTATE OF JESSIE L. HOPKINS, LATE OF UPPER MONTCLAIR, ESSEX COUNTY. HAROLD R. HOPKINS, MARIAN H. McDONALD, AND DONALD B. HOPKINS, EXECUTORS OF THE LAST WILL AND TESTAMENT OF JESSIE L. HOPKINS, DECEASED, APPELLANTS,
v.
AARON K. NEELD, DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1956.
Decided August 27, 1956.
*347 Before Judges EWART, GRIMSHAW and PINDAR.
Mr. Frank L. Bate argued the cause for appellants (Messrs. Shanley & Fisher, attorneys).
Mr. Joseph A. Jansen argued the cause for respondent (Mr. Grover C. Richman, Attorney-General).
The opinion of the court was delivered by EWART, J.S.C. (temporarily assigned).
Pursuant to the provisions of R.R. 4:88-8 (see also R.S. 54:33-2), the executors under the last will and testament of Jessie L. Hopkins, deceased, appeal from the final determination of the Transfer Inheritance Tax Bureau of the Division of Taxation in the Department of the Treasury assessing transfer inheritance tax upon the value of certain legacies and devises passing by the will of Jessie L. Hopkins to nine so-called step-grandchildren, they being the children of the three stepchildren of decedent, at the rate of 8% under the provisions of R.S. 54:34-2(d).
Appellants contend that the so-called step-grandchildren should be accorded the same preferential treatment given to natural grandchildren of a decedent by R.S. 54:34-2(a), which latter section grants an exemption of $5,000 and taxes the next $45,000 at the rate of 1%.
The sum of approximately $15,000 of taxes is involved in this controversy.
The facts are not in dispute.
Jessie L. Hopkins died testate a resident of Upper Montclair on December 15, 1954. Her will was duly probated December 30, 1954 and letters testamentary were issued to appellants by the Surrogate of Essex. By her will her residuary estate is bequeathed and devised in trust, in equal shares, to the children of her three stepchildren.
Harold R. Hopkins, Marian H. McDonald and Donald B. Hopkins, the appealing executors, are the three stepchildren of the testatrix. There are nine children of the three stepchildren, viz., Richmond B. Hopkins, Barbara H. *348 Stratton, John Alden Hopkins, Marion Ida McD. Dodd, Dorothy McDonald, Margaret Seaman McDonald, Carol Hopkins Brown, Nathaniel R. Hopkins, 2d, and Marjorie B. Hopkins.
The Inheritance Tax Bureau determined that these so-called step-grandchildren of testatrix did not fall within the category of near relatives entitled to preferential treatment in the imposition or assessment of inheritance tax as provided in R.S. 54:34-2(a), but that they were subject to tax at the rate of 8% under the provisions of R.S. 54:34-2(d).
Generally, appellants contend that the stepchild of a decedent is a child of the decedent within the meaning of the transfer inheritance tax statutes (R.S. 54:34-2 and 54:34-2.1) and that transfers of property passing to the issue of such stepchildren should be taxed at the rates and with the exemptions provided in R.S. 54:34-2(a) with respect to the issue of natural children of a decedent; that by the enactment of L. 1937, c. 128 (R.S. 54:34-2.1), as a supplement to the original Inheritance Tax Act, the Legislature did not intend to establish a new and separate category of transferees but rather intended to recognize and treat stepchildren of a decedent as members of decedent's immediate family entitled to the most preferential treatment with respect to exemptions and rate of taxation under the four categories or classes already established by the statute, R.S. 54:34-2; that the purpose of the 1937 statute was to treat stepchildren the same as natural children for inheritance tax purposes; and that if stepchildren are to be treated the same as natural children, then it is logical to presume that the issue of stepchildren should be considered the same as issue of the natural child of a decedent, and so, the appellants reason, there was no need for the Legislature to make specific mention of the issue of stepchildren in enacting the 1937 statute.
Appellants cite no New Jersey cases on this point and concede that there are no specific New Jersey cases dealing with the point involved in the present suit. Appellant does *349 however, cite cases from New York, Maryland, Missouri, California and Pennsylvania in support of their argument.
Brief reference will be made to the statutes imposing transfer inheritance tax.
L. 1909, c. 228, as amended (R.S. 54:34-1) imposes a tax at the rates mentioned in subsequent sections of the act upon the transfer of property, real or personal, of the value of $500 or more, whether by will or intestacy, and whether the gift be outright or in trust, and also upon certain inter vivos transfers.
Section 2 of the act (R.S. 54:34-2) sets up four classes or categories of transferees, as follows:
(a) Transfers to a father, mother, grandparent, husband, wife, child or children of the decedent, or to any child or children adopted by the decedent in conformity with the laws of this State, or of any of the United States or of a foreign country, or the issue of any child or legally adopted child of a decedent (emphasis supplied). Those transferees falling under subsection (a) are granted an exemption of $5,000 without tax, and the rate of tax is fixed at 1% upon the value of the transfer above $5,000 up to $50,000 and at graduated increasing rates where the value of the transfer exceeds $50,000.
(b) Transfers to churches, hospitals and orphan asylums, public libraries, Bible and tract societies, religious, benevolent and charitable institutions and organizations, organized and operated exclusively for religious, benevolent or charitable purposes and no part of the net earnings of which inures to the benefit of any private stockholder or other individual or person. Those transferees falling under subsection (b) are granted an exemption of $5,000, with the value of the transfer in excess of the exemption subject to a flat tax imposed at the rate of 5%.
(c) Transfers to a brother or sister of a decedent, wife or widow of a son of a decedent, or husband or widower of a daughter of a decedent. Transferees under this subsection (c) are granted no exemption where the value of the transfer equals $500 or more and are taxed on a graduated scale at *350 the rate of 5% on amounts up to $300,000, and at higher rates for larger transfers.
(d) Transfers to every other transferee, distributee or beneficiary not hereinbefore classified. Transferees under this subsection are granted no exemption where the value of the transfer equals $500 or more and are taxed at the rate of 8% on the first $900,000 and at increased percentages of tax where the transfer exceeds $900,000 in value.
In addition to the foregoing, R.S. 54:34-4 entirely exempts from taxation property passing to or for the use of the State of New Jersey or to or for the use of a municipal corporation or other political subdivision within the State, for exclusively public purposes, and certain other transferees specifically enumerated in that section.
L. 1937, c. 128, enacted as a supplement to the original 1909 Transfer Inheritance Tax Act (R.S. 54:34-2.1) provides, inter alia:
"The transfer of property passing to a stepchild of a decedent shall be taxed at the same rates and with the same exemptions as the transfer of property passing to a child of said decedent born in lawful wedlock."

CONCLUSIONS
We cannot agree with appellants' contentions and have concluded that the Inheritance Tax Bureau properly assessed the value of the bequests and devises to the issue of the three stepchildren of testatrix under the provisions of R.S. 54:34-2(d) at the rate of 8% and that the assessments made by the Bureau should therefore be confirmed for the following reasons:
First, a literal reading of the statutes (R.S. 54:34-2 and 54:34-2.1) would indicate that the issue of the stepchildren of the decedent not having been mentioned in subsections (a), (b) or (c) or R.S. 54:34-2 properly fall within the description of "every other transferee, distributee or beneficiary not hereinbefore classified," to be found in subsection (d) of that section of the statute.
*351 Second, nowhere in the Transfer Inheritance Tax Act will there be found any reference to the issue of stepchildren, or so-called grand-stepchildren, of a decedent.
Had the Legislature intended by the adoption of L. 1937, c. 128 (R.S. 54:34-2.1) to grant preferential treatment to the issue of stepchildren of a decedent, it would have been a simple matter to insert such an express provision in the 1937 act. In that connection, it is to be noted that in R.S. 54:34-2(a) preferential treatment was granted not only to natural and adopted children of decedent but also to "the issue of any child or legally adopted child of a decedent." Had the Legislature so desired, a provision in similar language could have been, but was not, inserted in the statute with relation to the issue of stepchildren of a decedent.
Third, the wording and phraseology of the statutes, both R.S. 54:34-2 and 54:34-2.1, are clear and explicit. We find no ambiguity or uncertainty in the phraseology of those statutes. In such circumstance, the court is not at liberty to infer or presume that the Legislature intended something other or different than it actually expressed in the statutes in question. The statutes speak for themselves and must be construed according to their plain terms. O'Keefe v. Board of Trustees, etc., Retirement System, 131 N.J.L. 502, 504 (Sup. Ct. 1944), affirmed 132 N.J.L. 416 (E. & A. 1945); Rosenthal v. State Employees Retirement System, 30 N.J. Super. 136, 140 (App. Div. 1954); Bravand v. Neeld, 35 N.J. Super. 42, at page 52 (App. Div. 1955). Respondent in his brief cites numerous additional authorities in support of the principles stated, but we think no further citation of authority is necessary in this opinion.
Fourth, statutes granting exemptions or partial exemptions from taxation are to be strictly construed against a claimant; a claimed exemption from taxation must find support in clear and unmistakable expressions of the legislative act. Julius Roehrs Co. v. Division of Tax Appeals, 16 N.J. 493 (1954); Bravand v. Neeld, supra, 35 N.J. *352 Super., at page 46. Doubts as to the eligibility for exemption must be resolved in favor of the State and against the claimant for such exemption. Morristown Firemen's Relief Ass'n v. Town of Morristown, 20 N.J. Misc. 113 (St. Bd. Tax App. 1942); City of Trenton v. State Board of Tax Appeals, 127 N.J.L. 105 (Sup. Ct. 1941); Dawn Bible Students Assn. v. Borough of East Rutherford, 3 N.J. Super. 71 (App. Div. 1949); Borough of Edgewater v. Connoil Corp., 4 N.J. Super. 338 (App. Div. 1949).
Fifth, appellants rely in part upon decisions of the State of New York, including that of Matter of Miller's Estate, 110 N.Y. 216, 18 N.E. 139 (Ct. App. 1888). It has been said that our New Jersey transfer inheritance tax statute was modeled upon the statutory law on the same subject enacted by the Legislature of the State of New York and that the determination of the New York courts construing the statutes of that state are entitled to much weight. Bravand v. Neeld, supra, 35 N.J. Super., at page 48. It may perhaps be a matter of some significance that under c. 483 of the New York statutes of 1885, there was an exemption from inheritance tax granted to "children, * * * and lineal descendants born in lawful wedlock * * *" of a decedent, and that the New York courts construed this statute as excluding adopted children from the exemption. Matter of Miller's Estate, supra. It required an additional act of the New York Legislature (L. 1887, c. 713) to grant such exemption to adopted children. That circumstance would seem to lend support to the argument that exemptions from taxation cannot be based upon inferences or presumptions as to legislative intent, but may be had only by express statutory provision.
Sixth, there are conceivable circumstances that might support a logical argument for treating stepchildren and their issue with the same consideration as natural children and their issue in the granting of exemptions and the imposition of transfer inheritance taxes. For example, a woman who marries a widower, the father of several small children, and who raises her stepchildren with all the care *353 and affection they might expect from the natural mother, would be such a case. On the other hand, a woman who marries a widower having grown children no longer members of the household, would not be charged with the responsibility of work, care and affection toward them as in the former example, and such circumstance would hardly support an argument that the stepchildren and the issue of stepchildren would be entitled to special consideration in such a case. However, those matters are questions of policy for determination by the Legislature in enacting such legislation. Neither such matters of policy nor the wisdom of the Legislature in enacting such statutes are for the courts to pass upon. Reingold v. Harper, 6 N.J. 182, 195 (1951); State v. Monahan, 15 N.J. 34, 45 and 46 (1954); Dacunzo v. Edgye, 19 N.J. 443, 454 (1955).
Our Legislature has not seen fit to extend preferential treatment with respect to transfer inheritance taxes to the issue of stepchildren, nor has the Legislature yet seen fit to permit either stepchildren or their issue to inherit property of a decedent dying intestate.
For the reasons stated, the assessment of tax made by the Bureau is confirmed and the appeal dismissed.