RIMM, J.T.C.
This is a transfer inheritance tax case in which the taxpayer seeks to have taxes imposed by the Director, Division of Taxation, in the amount of $17,381.78 set aside and refunded. The facts are not in dispute, and the matter may be resolved on the motion and cross-motion for summary judgment before the court.
*350 The decedent, Joseph I. Herman, died intestate on October 12, 1987, a resident of the State of New Jersey. He left surviving as his sole heirs and next of kin his mother, Ida Herman, his father, Benjamin Herman, and his brother, Morton Herman. Therefore, upon the death of Joseph I. Herman, his estate passed to his parents equally by operation of law in accordance with N.J.S.A. 3B:5-4: “[T]he entire estate if there is no surviving spouse, passes as follows: ... b. If there is no surviving issue, to his parent or parents equally____”
On October 17,1987, the decedent’s parents, Ida Herman and Benjamin Herman, disclaimed their interests in the estate of their son, the decedent, Joseph I. Herman, in accordance with N.J.S.A. 3B:9-2. This statute provides, in pertinent part, that “an heir may disclaim in whole or in part the right of succession to any property or interest therein, including a future interest, by filing a disclaimer under this chapter.”
On October 19, 1987, the disclaimers of Ida Herman and Benjamin Herman were filed in the office of the Surrogate of Atlantic County in accordance with N.J.S.A. 3B:9-6, which provides that “[t]he disclaimer shall be filed in the office of the surrogate or Superior Court in which proceedings have been commenced or will be commenced for the administration of the estate of the decedent or deceased donee of the power.” The disclaimers were filed in a timely manner in accordance with N.J.S.A. 3B:9-5, which provides that “[t]he instrument disclaiming a present interest shall be filed not later than 9 months after the death of the decedent or of the donee of the power.”
Since disclaimers have been executed and filed, the effect of the intestate provisions of N.J.S.A. 3B:5-4 is changed. N.J.S. A. 3B:9-8 provides,
Unless the decedent or donee of the power has otherwise provided, the property or interest disclaimed devolves:
a. As to a present interest, as if the disclaimant had predeceased the decedent____
c. A disclaimer relates back for all purposes to the date of death of the decedent or the donee of the power.
*351 Accordingly, the result of the disclaimers by the parents of the decedent is that, for succession purposes under the intestate statutes, they are regarded as having predeceased the decedent. David, “Estate Taxes and the Use of Disclaimers in Estate Planning,” 107 N.J. Lawyer 58 (May 1984). The decedent, therefore, in accordance with the applicable statutory provisions, was not survived by a spouse, issue or parent. Under such circumstances the property passes “to the issue of the parents or either of them by representation.” N.J.S.A. 3B:5-4(c). In this instance, the brother of the decedent, Morton Herman, takes the decedent’s property as issue of the decedent’s parents.
There is no dispute that the disclaimers were properly filed in a timely manner nor that the brother of the decedent is entitled to, and did take, the property of the decedent.
Following the decedent’s death, a transfer inheritance tax report was filed with the State of New Jersey. Schedule E, beneficiaries, listed Ida Herman, mother, as surviving the decedent, with an interest in the estate of one-half, and Benjamin Herman, father, as surviving the decedent, with an interest in the estate of one-half. Schedule E also states that Morton Herman, the brother of the decedent, survived him. There is then the following notation on schedule E:
Morton Herman’s interest in the estate arises from a disclaimer (renunciation) filed with the Atlantic County Surrogate. The renunciation will not be filed with the Transfer Inheritance Tax Bureau. Accordingly, pursuant to NJ.A. C. 18:26-2.11, 2.12 and 2.13 the tax imposed is to be imposed at the rate applicable to the renouncing parents.
The Transfer Inheritance Tax Bureau rejected the claim that no taxes were due. On May 4,1988, it issued a statement directed to Morton Herman, administrator, that there was due to the State of New Jersey by the Estate of Joseph I. Herman transfer inheritance taxes amounting to $17,381.78.
Plaintiff paid the taxes and filed a complaint in the Tax Court alleging that the imposition of taxes in this matter is controlled by N.J.A.C. 18:26-2.12 which provides:
If a transferee under a will renounces his rights thereunder, or any portion thereof, the renunciation is given effect in computing the tax against the estate; *352 provided, the instrument or renunciation is filed within nine months of death in the Office of the Clerk of the Court where the will is probated and a copy thereof filed with the Transfer Inheritance Tax Bureau.
Plaintiff claims that since copies of the disclaimers were not filed with the Transfer Inheritance Tax Bureau, they can be given no effect in computing the tax against the estate. The tax, therefore, according to plaintiff, should be computed as though there had been no disclaimers. In other words, plaintiff claims that the imposition of taxes should depend on whether or not he filed copies of the disclaimers with the Transfer Inheritance Tax Bureau.
In his letter brief, defendant argues that because plaintiff purposely withheld sending copies of the disclaimers to the Transfer Inheritance Tax Bureau, he should not be able to list beneficiaries with the lowest tax rate. Defendant is correct, and plaintiff’s interpretation of N.J.A.C. 18:26-2.12 is contrary to law and is rejected by the court.
Technically, N.J.A.C. 18:26-2.12 has nothing to do with this case. The regulation refers to “a transferee under a will” who “renounces” his rights. There is no will involved in this case, the decedent having died intestate. Since the decedent died intestate, his property passed, as indicated, by operation of law to his parents. However, they disclaimed their interests in the decedent’s estate in a proper and timely manner in accordance with the statutory provisions relating to disclaimers of such interests.
Therefore, by operation of law, the parents are regarded as having predeceased the decedent. Since the parents are regarded as having predeceased the decedent, the decedent’s property passed to, and was transferred to, his brother, issue of his parents. Accordingly, the transfer inheritance tax imposed is governed by N.J.S.Á. 54:34-2(c)(l), which provides that, for transfers through June 30, 1988, the transfer of property to a brother of a decedent is taxed at the rate of 11% on any amount up to $1,100,000.
The underlying purpose of the transfer inheritance tax is to impose a tax upon the privilege of receiving property and to *353 levy the tax against the transferee. In re Lichtenstein Estate, 52 N.J. 553, 559, 247 A.2d 320 (1968). The amount of the tax depends upon the value of the property transferred and the transferee’s relationship to the decedent. Plaintiff is the actual transferee of the property in this case. He received the property by virtue of his brother’s death and by virtue of the fact that, by operation of law, his parents are regarded as having predeceased his brother. Hence, plaintiff, as the actual transferee, is to be taxed at the rate applicable to the surviving brother of the decedent. The exemption in the transfer inheritance tax statute is for the benefit of the parents of the decedent, and a brother of the decedent may not benefit from the exemption. In the transfer inheritance tax case of Hopkins v. Neeld, 41 N.J.Super. 345, 125 A.2d 153 (App.Div.1956), the court said,
... [S]tatutes granting exemptions or partial exemptions from taxation are to be strictly construed against a claimant. A claimed exemption from taxation must find clear support in clear and unmistakable expressions of the legislative act. [citations omitted] Doubts as to the eligibility for exemption must be resolved in favor of the state and against the claimant for such exemption. [At 351-352, 125 A2d 153]
The matter is accordingly concluded, and the director properly assessed transfer inheritance taxes in this matter.
In this case, however, both parties have chosen to deal with the regulation as though it relates to a transferee in an intestate estate. Indeed, there should be no distinction, for transfer inheritance tax purposes, between a disclaimer in an estate with a will and a disclaimer in an intestate estate. It is, therefore, appropriate to deal with issues raised as a result of that approach.
The present version of N.J.A.C. 18:26-2.12 is the Director’s response to chapter 9 of Title 3B, “Disclaimers of Transfers by Will, Intestate Succession or Under Power of Testamentary Appointment,” N.J.S.A. 3B-.9-1 et seq. Cf. Mueller Estate v. Taxation Div. Director, 5 N.J.Tax 642 (Tax Ct.1983) (An earlier version of the regulation was held invalid). By the regulation, the Director, Division of Taxation, provides that a disclaimer is given effect in computing transfer inheritance taxes imposed on *354 transferees taking from an estate. It is a recognition for transfer inheritance tax purposes of the statutes dealing with disclaimers. In effect, the regulation seeks to repeat the statutes by providing that the instrument of disclaimer must be filed within nine months of death in the appropriate office. N.J.S.A. 3B.-9-5 and -6.
The stumbling block, so far as plaintiff is concerned, is the additional provision in the regulation that a copy of the disclaimer is to be filed with the Transfer Inheritance Tax Bureau. There is no statutory provision in either N.J.S.A. 3B:9-1 et seq., disclaimers, or in N.J.S.A. 54:34-1 et seq., transfer inheritance tax, which conditions the imposition of transfer inheritance taxes on the filing of a copy of a disclaimer with the Transfer Inheritance Tax Bureau. To the extent that the regulation would condition the imposition of transfer inheritance taxes on the filing of a copy of a disclaimer with the Transfer Inheritance Tax Bureau, the regulation is beyond the authority of the Director of the Division of Taxation and is to be given no force and effect. “It is well established that the Director’s regulatory authority cannot go beyond the Legislature’s intent as expressed in the statute.” Fedders Financial Corp. v. Taxation Div. Director, 96 N.J. 376, 392, 476 A.2d 741 (1984); Southern Jersey Airways v. Nat. Bk. of Secaucus, 108 N.J.Super. 369, 383, 261 A.2d 399 (App.Div.1970); Mueller Estate v. Taxation Div. Director, supra at 656-657.
However, the regulation does not go beyond the statute. The regulation should be interpreted in the same manner that statutes are interpreted. Hoeganaes v. Taxation Div. Director, 145 N.J.Super. 352, 359, 367 A.2d 1182 (App.Div.1976). Words in the regulation are, therefore, to be given their ordinary and primary meaning to produce logically intended results just as are words in a statute. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526, 197 A.2d 673 (1964). Regulations should be read in relation to the statutes they support. “A statute and regulations promulgated thereunder must be read so as to implement the legislative intent to the extent permitted *355 by the statute.” Foreign Auto Preparation Service v. New Jersey Economic Development Authority, 201 N.J.Super. 428, 433, 493 A.2d 550 (App.Div.1985).
A realistic and reasonable reading of the subject regulation must lead to the conclusion that the filing of a copy of a disclaimer with the Transfer Inheritance Tax Bureau, as opposed to the statutory requirement of the filing of the disclaimer “in the office of the surrogate or Superior Court,” is for information purposes. The copy of the disclaimer must be filed with the bureau to advise it of the fact of the disclaimer and to insure that the disclaimer “is given effect in computing the tax against the estate.” The filing is not, however, a precondition to the imposition of taxes.
Further, the regulation does not impose any time limitation for the filing of a copy of a disclaimer with the bureau, and there has been an effective filing of the disclaimers with the Transfer Inheritance Tax Bureau. The filing was accomplished by the filing of the transfer inheritance tax report with the information in it relating to the disclaimers.[1] In effect, there has been compliance with the regulation, although it must be understood that the filing of a disclaimer with the Transfer Inheritance Tax Bureau is not a prerequisite for the imposition of transfer inheritance taxes. For all these reasons, as well, the imposition of taxes by defendant is affirmed.[2]
*356 Plaintiff’s application for a refund and his motion for summary judgment are denied. The imposition of transfer inheritance taxes is affirmed. The Director’s cross-motion for summary judgment is granted. The Clerk of the Tax Court will enter a judgment accordingly.

In oral argument, plaintiffs counsel advised that the parents disclaimed to avoid subjecting the assets of the estate to medicare liens against them. This explains why disclaimers were filed resulting in the imposition of taxes which would not otherwise have been due had the parents taken the assets of the estate. Cf. General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 136, 416 A.2d 37 (1980) (Taxpayer is bound by the tax consequences of his business decisions).

It is recommended that N.J.A.C. 18:26-2.12 be revised. First, it should apply to both testate and intestate cases. Secondly, the regulation relates to N.J.S.A. 3B:9-1 et seq. which speaks in terms of "disclaimers” of interests in estates. The regulation speaks in terms of “renunciation.” While it is true that disclaimer and renunciation may be used interchangeably, e.g., N.J.S.A. 3B:l-3, renunciation may have a particular meaning unrelated to disclaimer, e.g., N.J.S.A. 3B:8-10. In any event, to avoid any confusion and to make it clear *356 that the regulation relates to N.J.S.A. 3B:9-1 et seq., the use of the word "disclaimer" would seem to be logical. Thirdly, N.J.S.A. 3B:9-6 provides that the disclaimer shall be filed in the office of the surrogate or Superior Court in which proceedings have been commenced or will be commenced for the administration of the estate or deceased donee of the power. The regulation should be consistent with the statute. Finally, the regulation should be worded in such a manner that it is clear that the filing of a copy of the disclaimer with the Transfer Inheritance Tax Bureau is for information purposes and is not required in order for the "renunciation” to be "given effect in computing the tax against the estate."