MARY F. ERVIN AND FRANK W. ERVIN, HER HUSBAND, PLAINTIFFS AND RESPONDENTS, v. FREDERICK W. WOHLFERT, DEFENDANT AND APPELLANT.

Argued February 18, 1908—Decided June 8, 1908.

The supplement to the District Court act (*Pamph. L.* 1905, *p.* 259), allowing a judge of that court to certify the transcript of the proceedings and testimony made by a stenographer at the trial of any cause as a state of the case, to be used on the hearing of an appeal or *certiorari*, limits the time within which such certification may be done and transcript filed to a period of fifteen days after judgment, and such period may not be extended by the District Court.

On appeal from the District Court of the city of Elizabeth.

Before Justices REED, PARKER and VOORHEES.

For the plaintiffs, *Paul Q. Oliver.*

For the defendant, *Craig A. Marsh* and *Frederick S. Taggart.*

The opinion of the court was delivered by

VOORHEES, J.   This case arises on an appeal from the District Court of the city of Elizabeth, and is a motion to dismiss such appeal on the ground that the transcript of stenographer's notes was not certified by the judge and filed in this court within the time required by the statute.

The case was tried before a jury and a verdict rendered October 3d, 1907. Notice of appeal was served and a deposit of money in lieu of a bond was made October 12th. After that there was an application for a new trial and a motion on behalf of the plaintiff to mould the verdict and enter judgment thereon. It appears that the verdict was amended and judgment actually entered October 21st, *nunc pro tunc,* as of October 3d, 1907. The record shows that in the mean-

time the judge, by orders, attempted to extend the time to and including the 30th day of November "within which to agree upon the form of the case upon appeal or the settlement thereof by the judge." The transcript of stenographer's notes was filed November 29th, more than fifteen days from the entry of judgment.

The act of 1905 (*Pamph. L., p.* 259) provides that the transcript of the proceedings and the testimony made by the stenographer shall be certified by the judge as the state of the case and filed in this court within fifteen days from the rendition of the judgment.

We are of opinion that the legislature having failed to incorporate in the statute of 1905 any provision for extension of the time for certifying and filing the notes, no such power can by construction be read into the act and thus be conferred upon the judge of the District Court.

The motion to dismiss the appeal, therefore, should prevail.