J. FREDERICK BERSTECHER, RESPONDENT, v. SCALLY CARUSO, APPELLANT.

Submitted November 20, 1916—Decided December 19, 1916.

1. The supplement of 1916 (*Pamph. L.*, *p.* 385) to the District Court act, makes no change of the requirement of the act of 1905 (*Comp. Stat.*, *p.* 1957, *pl.* 13*b*) that where there is a stenographer, the transcript shall be certified for appeal within fifteen days after judgment.

2. The requirement of said supplement of 1916 that the state of the case where there was a stenographer shall be filed in the Supreme Court on or before the opening day of the next term following the date of filing the appeal, refers to the term next after the actual date of filing and not merely after the last day when appeal might have been filed.

---

On motion to reinstate appeal.

Before Justices GARRISON, PARKER and BERGEN.

For the petitioner, *Gaetano M. Belfatto.*

The opinion of the court was delivered by

PARKER, J. The appeal in this case was dismissed for want of proper prosecution, and application is now made to reinstate it.

Some confusion was caused in the practice by the apparent inconsistency between the statute requiring, in cases where there was a stenographer in the District Court, that the transcript be certified as the state of the case and transmitted to the clerk of the Supreme Court within fifteen days after the

judgment (*Pamph. L.* 1905, *p.* 259; *Comp. Stat., p.* 1957, *pl.* 13*b*) and the statute of 1915, page 549, which enlarged the time of filing notice of appeal and giving bond to twenty days instead of ten, so that if both acts were followed, the transcript would be filed five days before notice of appeal must be given. The time for filing transcript being limited by the statute, this court held that the District Court could not extend it, as in other cases (*Ervin* v. *Wohlfert,* 76 *N. J. L.* 430) ; and we have also held that this court cannot extend it over objection of the appellee.

In this situation the legislature again intervened with the supplement of 1916 to the District Court act (*Pamph. L., p.* 385), providing that when appeals are taken in cases where there was a stenographer appointed and the testimony certified by the judge as the state of the case, "the party so appealing shall file such state of the case with the clerk of the Supreme Court on or before the opening day of the next term of said Supreme Court following the date of filing said appeal." Turning to the dates material to this application, we find they are as follows:

May 19th, 1916, judgment below.

June 2d, notice of appeal and bond filed.

June 6th, Supreme Court term opened.

June 7th, transcript produced to and certified by judge.

June 8th, the twenty days allowed for taking appeal expired.

It will be observed that although the appellant had until June 8th to take his appeal, he actually did so on June 2d; and that the Supreme Court opened in the interval, on the 6th. It will also be observed that the act of 1916 requires the state of the case to be filed at the beginning of the next term, not after the date when the appeal must be filed, but after it is filed in fact. So that, as we read the act, if appellant had waited until June 8th, or June 7th, or even June 6th, to file his notice of appeal and bond, he would have had until the November term to file his state of the case; but having appealed before the June term opened, the statute fastened on the date when the appeal was taken, and auto-

matically fixed the June term as the one on or before whose opening day the state of the case was required to be filed.

We have not overlooked the fact that the act of 1916 says "and [when] the transcript * * * shall have been certified by said judge," &c., the state of the case shall be filed by the next term. In this case there was no certificate until the day after the Supreme Court opened; and the supplement of 1916 fixes no time when such transcript must be certified. This seems to leave the act of 1905, *supra,* still applicable to that feature; and that act requires the transcript to be certified within fifteen days after judgment.

As a result, the certificate was due on June 3d, one day after appeal was actually taken, and three days before the term opened; and, with proper diligence, there should have been no difficulty about filing the state of the case in due season. What the result would have been if the judgment had been less than fifteen days before the next term, and appeal had been filed before that term opened, is a question not before us at this time.

As a result, the motion to reinstate the appeal must be denied. The case is, apparently, one of some hardship, on account of the application of statutes which we have no power to relax. There has been much confusion in this class of appeals, due in part to statutory changes made from time to time, and, perhaps, in some cases, without full realization of the effect of such changes; and some injustice necessarily results, which we are powerless to remedy. These are matters to be dealt with by the legislature, either by direct enactment or by authorizing this court to promulgate rules for District Court appeals which will not have the rigidity of statutes, as was done by the Practice act of 1912.