JOHN E. GALLIGAN, RESPONDENT, v. GEORGE GONZALES, APPELLANT.

Submitted December 5, 1921—Decided February 9, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"There is a motion in this case to dismiss the appeal on the ground that where there is a stenographer the transcript shall be certified and transmitted by the party so appealing to the clerk of the Supreme Court within fifteen days from the rendition of the judgment. *Pamph. L.* 1905, *p.* 259. This was not done. The point is controlled by our decision in the case of *Berstecher* v. *Caruso,* 89 *N. J. L.* 426. The supplement (*Pamph. L.* 1916, *p.* 385) to the District Court act makes no change of the requirement of the act (*Pamph. L.* 1905, *p.* 259) in this respect.

"The appeal is dismissed, with costs."

For the appellant, *Pierson & Schroeder.*

For the respondent, *William B. Stiles.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

PER CURIAM (supplemental).

In this case the judgment of the Supreme Court was affirmed, for the reasons expressed in the *per curiam* of that court; but the precise point of the decision, in view of an apparent misapprehension of its purport by members of the bar, should be made clear, especially as it relates to a technical point of practice in appeals from District Courts.

The act of 1905, page 259 (*Comp. Stat., p.* 1957, *pl.* 13*b*), required, in cases where the testimony had been taken down by a stenographer appointed by the court, that the stenographic transcript be certified by the judge and transmitted to the clerk of the Supreme Court within fifteen days after the judgment. *Ervin* v. *Wohlfert,* 76 *N. J. L.* 430.

The later act of 1916 (*Pamph. L., p.* 385) extended the time for transmitting the transcript to the Supreme Court clerk, to the first day of the next term after filing the appeal; but was held in *Berstecher* v. *Caruso,* 89 *N. J. L.* 426, to leave unaltered the requirement that the transcript must be certified by the judge within the fifteen days.

In the present case the judgment was rendered on March 18th and the transcript was certified on May 18th, a month and a half later; and the Supreme Court, following Berstecher *v.* Caruso, dismissed the appeal, and on this ground. The *per curiam* of that court fails to state these facts, and has already been construed by members of the bar as broad enough to require both certificate and filing of the transcript within fifteen days after the judgment; but such ruling was not required by the facts in the case, and was not intended to be made. On the contrary, our decision should be taken as following Berstecher *v.* Caruso in holding that the stenographic transcript must be certified within the fifteen days, and when so certified, filed by the opening day of the term next after filing the appeal.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.