JOSEPH GIARDINI, RESPONDENT, v. THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF DOVER ET AL., APPELLANTS.

Submitted February 4, 1925—Decided May 7, 1925.

A municipal corporation is not bound by a contract made in its name by one of its officers, though within the scope of its corporate powers, if the officer had no authority to enter into such contract on behalf of the corporation.

On appeal from the Third Judicial District of Morris county.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the respondent, *Nelson C. Doland.*

For the appellants, *Seth H. Ely.*

The opinion of the court was delivered by

MINTURN, J. This action was brought in the District Court of Morris against the town of Dover, by the plaintiff,

a contractor, for the recovery of $130, the value of a curb placed in front of the property of one Hulbert, in that town. The defendant town advertised for bids for the construction of curbing and guttering on Crystal street. Clause one of the contract provided : "Whereas the party of the second part hereto has entered into a contract with the property owners along * * * Crystal street for the erection of the curbing, it is hereby agreed that the curb and gutter * * * is to be built in one solid piece." Clause five provides: "In case of any dispute between the parties it is agreed that in order to prevent possible litigation, the engineer in charge of the work shall finally and fully determine all questions in relation to all levels, lines and amount or quality of work done or to be done, and the amount of compensation at contract prices to be paid therefor, and shall determine the meaning and intent of these specifications on all points whatsoever, and that all such decisions shall be final and binding to both parties."

In the "instructions to bidders," "specifications" and "proposals," mention was also made of the fact that the curbing was to be paid for by the property owners. The specifications provided for the supervision of the construction of the curb as well as the gutter by the town engineer.

The plaintiff, contractor, proceeded with the work until the property of Mr. Hulbert was reached and then stopped the work because the latter refused to enter into a contract for its performance, claiming that the improvement worked a damage to him. The work thereafter remained idle for some time, when the engineer ordered the contractor to proceed with it, and in answer to the question by the contractor as to who would pay for it, the engineer is alleged to have replied, "you do the work, I pay you." The question argued is whether, under the circumstances, the town is liable for the work performed. The principle is fundamental and illustrated by a series of cases in this state and elsewhere, that a municipal corporation cannot be legally bound by the act of its agent unless such act be expressly authorized or neces-

sarily implied from the authority conferred. Thus we find it stated: "The legal principle cannot be too often repeated, that a public corporation is not bound by acts of its agents coming within the apparent scope of their power and authority. Their authority to act must be explicit and direct that the corporation be bound." 1 *Abb. Mun. Corps.* 612, and cases. To the same effect is 19 *R. C. L.* 354, viz.: "A municipal corporation is not bound by a contract made in its name by one of its officers or by a person in its employ, though within the scope of its corporate powers, if the officer or employe had no authority to enter into such a contract on behalf of the corporation." See, also, *McDonald* v. *New York,* 68 *N. Y.* 23.

The difficulty of sustaining the present judgment inheres in the fact that nothing in the contract or specification under which the work was performed, and which presents the sole basis of the engineer's power to represent the municipality, authorizes him to enter into an independent and distinct contract *ab extra* from the specific contract which he was employed to supervise and direct. The provisions of the contract to which reference is made as a basis for the exercise of this power refer entirely to the existing contract of the town with the plaintiff, and cannot be invoked as authority for the execution of a new and independent contract, binding upon the town, at the discretion of its agent. Were his power in this respect to be otherwise construed, it would be difficult to circumscribe its limitations or appreciate its extent, and the rule of public policy to which we have referred properly delimits its exercise, and marks its extent in the interest of the public.

The judgment will be reversed.