ELIZABETH MATYAS, PLAINTIFF-RESPONDENT, v.
LASIDLOW YURKO, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Harry A. Shuback.*

For the respondent, *Samuel C. Meyerson.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the District Court of the Second Judicial District of the county of Morris, and the first question to be decided is whether the appeal may be considered upon the merits or must be dismissed. Respondent insists that the appeal should be dismissed because it was not perfected within the time fixed by statute. Appellant requests "the court to exercise its discretion to permit the appeal to proceed upon the merits of the case."

The case was tried January 24th, 1934. The testimony was taken down stenographically. *Pamph. L.* 1932, *ch.* 155, provides that when testimony in a District Court case is taken by a stenographer and is to be used on appeal "the transcript of said proceedings and said testimony made by said stenographer, shall be certified by said judge as the state of the case to be used on the hearing * * * within thirty days after the trial thereof." In the instant case the testimony was not certified until February 27th, 1934, the

delay having been occasioned by illness of appellant's attorney.

Prior to the passage of the 1932 act, the time within which certification was required to be made was fifteen days, and it has been held, under the earlier act, that when this is not done the appeal will be dismissed. *Ervin* v. *Wohlfert*, 76 *N. J. L.* 430; 70 *Atl. Rep.* 153. In *Galligan* v. *Gonzales*, the Court of Errors and Appeals affirmed the Supreme Court in dismissing an appeal for this reason, 97 *N. J. L.* 327; 116 *Atl. Rep.* 486. In that case there was a motion to dismiss in the Supreme Court. A supplemental opinion was written (97 *N. J. L.* 327), clearing up some confusion which resulted from the Supreme Court opinion. It was said "the transcript must be certified by the judge within the fifteen days." These cases hold that the District Court judge has no authority to extend the time, and I can find no authority for this court's doing so. Indeed, authority is to the contrary. *Berstecher* v. *Caruso*, 89 *N. J. L.* 426; 99 *Atl. Rep.* 410. What was said in that case seems to apply to the instant case: "The case is apparently one of some hardship, on account of the application of statutes which we have no power to relax."

Admittedly the transcript was not certified within the time fixed by the act of 1932, and the appeal is dismissed, without costs.