MARGARET STOCKHEIMER, PETITIONER-PROSECUTRIX,
v. THE CARWIN CO., RESPONDENT.

Submitted October 1, 1946—Decided December 20, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutrix, *William F. Nies.*

For the respondent, *James J. Skeffington.*

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The limited but dispositive question presented is whether the dismissal of the petitioner's claim petition presents a reasonably debatable question of fact or law.

In the Bureau, after hearing on notice, the claim petition was dismissed because it was "filed out of time," *i. e.,* it was not filed within one year after the date on which the employee ceased to be exposed to the occupational disease of benzene poisoning, while in the course of employment with his employer. *R. S.* 34:15–34. Stated another way, it was held in the Bureau that the requirement of filing the claim petition within the statutory time was jurisdictional, and the failure so to file it was fatal.

On appeal to the Union County Court of Common Pleas, that court affirmed the judgment of the Bureau.

On application to Mr. Justice Parker, he ordered that the *allocatur* of a writ of *certiorari* be denied and the application therefor be dismissed. Such order was entered.

Apart from the same result thrice reached, our independent study of the proofs and arguments in support of and in opposition to the application (*Swift & Co.* v. *Von Volkum*, 131 *N. J. L.* 83; 34 *Atl. Rep.* (*2d*) 897; *affirmed, sub nominee Von Volkum* v. *Swift & Co.*, 132 *N. J. L.* 344; 40 *Atl. Rep.* (*2d*) 572), leads us to the conclusion that no reasonably debatable question of fact or law is presented. *O'Brien* v. *Frey*, 4 *N. J. Mis. R.* 477; 132 *Atl. Rep.* 172.

Margaret Stockheimer, petitioner, seventy-two year old mother of her deceased bachelor son, Arthur G. Stockheimer, who was her one source of support, filed a claim petition for compensation on September 13th, 1944, against respondent, The Carwin Co., by whom her son had been employed at the monthly wage of $350. Her petition is not very informative. It neither states the nature of the accident nor when, where and how it happened. The answer is in the nature of a general denial and it further sets up, in substance, that petitioner failed to comply with the statutory requirement, presumably *R. S.* 34:15–34. At all events, the case was tried in the Bureau on the theory that the death of the employee was the result of a compensable occupational disease, namely, benzene poisoning. *R. S.* 34:15-34. The proofs amply support the theory upon which the case was tried. They further disclose, beyond dispute, that the employee last worked for respondent on April 5th, 1943, although he last visited respondent's place of business (the purpose is not disclosed) on July 12th, 1943. Respondent paid the employee his wages until the day he died, September 15th, 1943. During his lifetime the employee made no claim for occupational illness nor did he file a claim petition for compensation against the respondent.

For the petitioner it is argued here, as it was throughout the progress of her cause, that the statutory requirement of *R. S.* 34:15–34 for the filing of a claim for compensation for a compensable occupational disease is without application as to her. That argument is based upon the premise that *R. S.* 34:15–34 applies only to claims filed during the lifetime of the employee; that it has no application to claims by a dependent, as in the case at bar, after the death of the em-

ployee; and that petitioner's claim is controlled by *R. S.* 34:15–41 and *R. S.* 34:15–51 which, so far as is here pertinent, require that every claimant file a petition for compensation, in case of personal injury or death, within two years after the date on which the accident occurred.

The argument is without merit. The legislature clearly made a difference in time barring the filing of a claim petition in the case of a compensable occupational disease and in the case of injury or death resulting from an accident. Whether that difference was made because "The date when an occupational disease is incurred is indefinite. * * *" (*Cf. Herod* v. *Mutual Chemical Company of America*, 115 *N. J. L.* 369, 373; 180 *Atl. Rep.* 433), or whether it was made for any other reason, is beside the point. For it is not the power so to legislate but rather the meaning of the legislation that is questioned. Its meaning is free from debate.

The words employed in *R. S.* 34:15–34 are plain, simple, clear and unambiguous. To words so employed we give their natural and ordinary meaning, significance and import. There is neither reason nor need for judicial construction. *Cf. O'Keefe* v. *Board of Trustees, &c., Retirement System,* 131 *N. J. L.* 502, and cases collated at *p.* 504; 37 *Atl. Rep.* (*2d*) 292; *affirmed,* 132 *N. J. L.* 416; 40 *Atl. Rep.* (*2d*) 624.

Nor is there any merit to the claim that *R. S.* 34:15–34 is without application to petitioner as a dependent. The key words of this statute are "All claims * * * shall be forever barred unless petition is filed * * * within one year after the date on which the employee ceased to, be exposed to such occupational disease * * *." Petitioner's claim is embraced within the adjective "All" modifying the word "claims." We so hold.

Nor is there anything to indicate that the payments made to the employee in his lifetime by respondent were made pursuant to "an agreement for compensation for compensable occupational disease * * *." *R. S.* 34:15–34. *Cf. Fischbein* v. *Real Estate Management, Inc.,* 131 *N. J. L.* 495, 496, 499; 37 *Atl. Rep.* (*2d*) 199; *affirmed,* 132 *N. J. L.* 418; 40 *Atl. Rep.* (*2d*) 649.

Thus whether the employee ceased to be exposed to the disease when he ceased to work on April 5th, 1943, or on July 12th, 1943, when he visited respondent's place of business, the filing of the claim petition, on September 13th, 1944, was not within one year after either of the aforestated dates, and was therefore forever barred under the statute. R. S. 34:15–34. *Ergo,* the dismissal of the claim petition was proper.

· The application is denied, without costs.