Defendant appeals from a judgment of $11,250 in favor of the plaintiff, entered in the Law Division of the Superior Court after trial before judge and jury. *Page 507 
The complaint alleged that plaintiff and defendant had entered into a written contract for the removal of garbage of the residents of the Borough of Lodi; that under the contract the defendant had the obligation of supplying the dumping grounds; that defendant failed to supply the dumping grounds; and that the plaintiff, with the knowledge and consent of the defendant, and at defendant's request, did secure and pay for dumping grounds. Damages were claimed for the expenses incurred in securing the dumping grounds and also for additional expenses incurred in removing the refuse from the Borough of Lodi to the several municipalities in which the dumping grounds were secured.
The contract between the plaintiff and defendant, dated February 26, 1943, was for a term of two years and ten months, commencing March 1, 1943, and the contract price of $47,400 was paid to the plaintiff. The contract required the plaintiff to "dispose of all combustible materials, garbage, rubbish, refuse and waste materials at the North Jersey Incinerator, Lodi, New Jersey, or where directed by the Borough of Lodi. The noncombustible materials shall be disposed of and dumped where directed by the Borough of Lodi. * * *" It provided: "Contractor will be required to make separate collection of combustible waste and noncombustible waste in order that the said combustible waste may be disposed of at the North Jersey Incinerator at Lodi, or wherever designated by the Mayor and Council of the Borough of Lodi; and the said noncombustible material will be disposed of and dumped where designated, within the limits of the Borough of Lodi or out of the limits of the Borough of Lodi * * * The Mayor and Council will supply dumping grounds for the disposal of noncombustible material and the right to dump combustible material at the incinerator located in the Borough of Lodi. In the event that said incinerator is not in operation, the Borough of Lodi will supply the dumping grounds for the Contractor * * *." It provided, further: "the said Contractor shall or will not claim or be entitled to any compensation in excess of the amount hereinabove stated, or to any compensation for any extra work performed or to be *Page 508 
performed under this contract. It shall be presumed that any and all work is done as part of this contract and compensation for the same is included in the amount to be paid monthly, as above expressed, and no further or other compensation for the same shall be charged or collected therefor."
Pursuant to the contract, plaintiff proceeded to make separate collections of the combustible and the noncombustible materials, delivering the combustible materials to the North Jersey Incinerator in Lodi and the noncombustibles to the dumping grounds in Lodi owned by the defendant. When the North Jersey Incinerator, before the expiration of the first month of the contract term, refused to accept any more materials delivered to them as noncombustible, the plaintiff was directed to take all of the materials, both combustible and noncombustible, to the Lodi dumps owned by the defendant.
After the first month, the plaintiff discontinued the separate collections of combustible and noncombustible materials. Because of complaints to the State Board of Health and the threat of suit by the State Board to enjoin the use of the dumps in Lodi owned by the defendant, this dumping ground was closed in June, 1943. Frank Stamato, president of the plaintiff corporation, testified that he called the mayor and told him he was prevented from using the Lodi dumping grounds; that the mayor said: "Frank, we are to blame. There is nothing I can do about it. You will have to go out and find your own dumps outside of the municipality." Without making any formal demand on, and without seeking any authorization from, the governing body, plaintiff then rented a dumping round in South Hackensack, a distance of a mile or two from Lodi, for the balance of the year 1943; rented a dumping ground in North Arlington, a distance of more than seven miles from Lodi for the year 1944, and a dumping ground in Ridgefield Park, a distance of seven miles, for the year 1945. Plaintiff never sought authority from the defendant to rent the grounds and charge the cost to the municipality. During the period of the contract, the plaintiff made several demands on the Finance Committee of the municipality for reimbursement for moneys spent by it in hiring *Page 509 
dumping grounds. Although these demands were refused, the plaintiff continued to collect the garbage and dispose of it at the dumping grounds which it provided and paid for.
At the close of the evidence, the defendant moved for a direction of judgment on the complaint on the ground, among others, that there was no proof that the dumping sites secured by the plaintiff were secured with either the knowledge or consent of the governing body of the defendant. Under the terms of the contract it was solely the obligation of the defendant to furnish the dumping grounds; the plaintiff was neither obligated nor authorized to do so. On the failure of the defendant to furnish dumping grounds, the plaintiff was relieved from a further performance of his contract and had its cause of action for damages.
As a general proposition, a municipality becomes bound either by formal preliminary act authorizing a thing to be done or, in the absence of such preliminary act, by ratification. Campbellv. Hackensack, 115 N.J.L. 209 (E. A. 1935.) To hold the defendant liable, it was necessary for the plaintiff to prove either authorization for its hiring of dumping grounds at the expense of the municipality, or ratification by the municipality. There was no proof of any authorization by the municipality. The conversation between Frank Stamato and the mayor is insufficient to show that the municipality authorized the plaintiff to act for it. As was said in Giardini v. Town of Dover, 101 N.J.L. 444
(Sup. Ct. 1925): "The principle is fundamental and illustrated by a series of cases in this state and elsewhere, that a municipal corporation cannot be legally bound by the act of its agent unless such act be expressly authorized or necessarily implied from the authority conferred." There was no proof that the mayor was expressly or impliedly authorized to effect the procurement of a new dumping ground. Not only was there a total lack of proof of ratification, but the evidence was to the contrary, in that it showed payment demanded by the plaintiff and refused by the defendant. Since the plaintiff, in hiring these dumping grounds and in involving itself in the expense of cartage thereto, acted without contractual authority and without *Page 510 
authorization or ratification by the defendant, the defendant cannot be held liable.
The judgment under appeal is reversed and the record is remanded, with directions to enter judgment for the defendant on the complaint.