This is an appeal from a judgment for plaintiff in the sum of $202.50 entered in the Bergen County District Court.
In November, 1947, plaintiff submitted to the defendant Borough two estimates for services to one of its fire trucks. One estimate in the sum of $730 was for repairs and another estimate in the sum of $202.50 was for painting and lettering. By letter dated December 3, 1947, Fire Commissioner and Councilman Swensen returned to plaintiff a duplicate copy of the $730 estimate for repairs and stated that it was understood that work on the truck would be commenced on December 11th or 12th and that arrangements were being made for delivery of the truck to plaintiff "for the purpose of making these repairs." This letter contained no reference to the $202.50 estimate for painting and lettering. Thereafter, the truck was delivered by Mr. Oakes, a member of the Borough's Volunteer Fire Department, and on three or four occasions Mr. Oakes visited plaintiff's shop. Plaintiff testified that, after the delivery of the truck, he received a telephone call "from the Fire Department of the Borough of Dumont" advising him to proceed with the painting job, that he did so, completing both the painting and repairs early in January, 1948, and that thereafter Mr. Oakes picked up the truck for delivery to the Borough. Plaintiff presented bills for both jobs to the Borough; the bill in the sum of $730 for repairs was approved and duly paid; the bill for $202.50 was not approved or paid and was the subject of plaintiff's claim in the District Court, the Borough contending that it never authorized or ratified the contract for the painting job.
The only authorization advanced by plaintiff for its performance of the painting job was the telephone call from the Fire Department. On the other hand, the Fire Commissioner *Page 329 
and the Fire Chief both testified that they had never authorized the painting and lettering work and that they had no knowledge as to whether any member of the Volunteer Fire Department had ordered the work. Mr. Oakes was not called as a witness and it is not contended that he had telephoned the plaintiff. It is admitted that there was never any pertinent resolution adopted by the Borough.
It seems clear to us that the telephone call from the unknown member of the Volunteer Fire Department could not bind the Borough and there was a complete absence of any evidence that any person expressly or impliedly empowered to act for the Borough had authorized the making of the contract for the painting and lettering or plaintiff's performance thereunder. See FrankStamato Co. v. Borough of Lodi, 4 N.J. Super. 505, 509
(App. Div. 1949); Potter v. Metuchen, 108 N.J.L. 447, 452
(Sup. Ct. 1931). Plaintiff urges, however, that the Borough ratified plaintiff's contract by accepting delivery of the truck and using it for six weeks before advising plaintiff that its bill had been disapproved. We assume, as plaintiff contends, that ratification may be shown by conduct of the Borough reasonably evidencing an intent to approve the unauthorized transaction (Ratajczak v. Board of Education of Perth Amboy, 114 N.J.L. 577,581 (Sup. Ct. 1935); affirmed, 116 N.J.L. 162 (E. A.
1936)), but fail to gather such intent from the stated facts. There is nothing in the record to establish that the members of the Borough's governing body were aware, when the truck was returned, that it had been painted without authority. Cf. CarSpring Rubber Co. v. Jersey City, 64 N.J.L. 544, 547 (E. A. 1900). Furthermore, even if they were so aware, there would be no inconsistency or impropriety in their acceptance and use of their repaired truck while denying liability for the painting. Although the Borough retained the benefit of the painting job there was no feasible way in which this could have been avoided. We attach no significance to the delay in advising plaintiff that its bill had been rejected, which did not harm plaintiff and may be explained by the time element involved in customary municipal procedures.
The judgment of the District Court is reversed. *Page 330