30 N.J. Super. 136 (1954)
103 A.2d 896
PEARL ROSENTHAL, CLAIMANT-APPELLANT,
v.
STATE EMPLOYEES' RETIREMENT SYSTEM OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1954.
Decided March 16, 1954.
*137 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. Samuel Weitzman argued the cause for the claimant-appellant (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
Mr. Joseph A. Murphy, Assistant Deputy Attorney-General, argued the cause for the defendant-respondent (Mr. Daniel De Brier, Deputy Attorney-General, on the brief; Mr. Grover C. Richman, Jr., Attorney-General, attorney).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This appeal concerns itself with the determination of the defendant-respondent, State Employees' Retirement System of New Jersey (hereinafter referred to as the "System"), that claimant-appellant, Pearl Rosenthal, widow of Louis Rosenthal, a member of the System, is not entitled to payment pursuant to the provisions of R.S. 43:14-37, reading as follows:
*138 "Upon the death of a member in active service in the actual performance of duty and not the result of his willful negligence, an accident death benefit shall be payable, if a report in a form acceptable to the retirement board, of the accident is filed in the office of the retirement system within sixty (60) days next following the accident; provided, evidence is submitted to the board of trustees proving that the natural and proximate cause of his death was the performance of duty on his part at some definite time and place.

* * * * * * * *
No such application shall be valid or acted upon unless it is filed in the office of the retirement system within two (2) years of the date of the accident; but the retirement board may waive such time limit, for a reasonable period, if in the judgment of the board the circumstances warrant such action."
In considering this appeal, we have reached the conclusion that the claimant did not file a report of the accident in the office of the System in compliance with the statutory requirement. Consequently, it becomes unnecessary to discuss and determine whether the death of claimant's decedent was caused by an accident within the meaning of the statutory provision.
Suffice it to say, Rosenthal, while working alone on January 2, 1951 as an employee of the Newark Housing Authority in scraping a product known as "morine" off the ceiling of a room in an apartment, and having scraped the entire ceiling with the exception of a small portion in the corner over a radiator, was discovered in the apartment "lying on the top of the radiator" with one arm between the radiator and the wall and with his face on the radiator which was "red hot." The ladder he had been using was lying on its side on the floor in front of the radiator. Upon examination, he was pronounced dead.
The hearing before the board of trustees of the System was deferred pending the determination by the Workmen's Compensation Division of claimant's petition for compensation. The Compensation Division held that the decedent had suffered a compensable accident and a suitable award was made.
The board of trustees of the System found that a report of the accident had not been filed within the limited statutory *139 period and also that the decedent had not suffered an accident as defined in the statute.
We will proceed to a discussion of what we consider is the dispositive issue, to wit: was a report of the accident filed within the prescribed statutory period of time?
The first notice of the decedent's death came to the respondent on February 8, 1951, from the employer, stating that the employee had passed away, without any mention therein that his death was caused by or connected with an accident. The board, under date of February 13, 1951, thereupon sent the decedent's widow Report Form PD-2, upon the filing of which the widow would have been allowed to withdraw the accumulated deductions standing to the credit of her husband or to purchase an annuity. It was not until April 6, 1951 that the board received any information that the claim was based upon an accidental death. On that date the board received a letter from Mr. Martin J. Brady, of the law firm of Parsonnet, Weitzman & Oransky, Mrs. Rosenthal's attorneys, stating that a petition was pending before the Workmen's Compensation Division, wherein it was asserted that Mr. Rosenthal's death was the result of an accident. On May 11, 1951 form PD-2 was returned, signed by Mrs. Rosenthal, there having been deleted therefrom the words "from natural causes and not the result of an accident." The secretary of the System testified: "We accepted the PD-2 form as her application for an accidental disability allowance," and wrote Mrs. Rosenthal on May 16, 1951 acknowledging receipt of the completed form and stating:
"In view of the fact that we were given to understand that a claim is pending before the Workmen's Compensation Bureau as a result of the alleged death on duty, we feel that payment of this claim should be held in abeyance pending the determination of this petition."
The claimant points to the fact that notice of the death was given by the employer on February 8, and that on January 8, 1951, six days following the date of the accident, *140 the employer made a record of the accident and that the parties agreed to defer hearing on the claim until a determination by the Workmen's Compensation Division. In passing, we would state that there is nothing in the record to indicate that the notation made in the employer's record was communicated to the System.
The claimant contends that assuming the report was not filed within the 60-day period, the System waived that requirement. That argument raises an important question: Could the System have waived or enlarged the time for filing the report within time? We think not. The language employed by the Legislature is clear, specific and unambiguous, and the System was bound to give effect thereto. The statute directs that the report of such an accident must be filed "within sixty (60) days next following the accident." In fact, it is a condition precedent to a consideration of such a claim, as clearly appears from the pertinent portion of the provision where it states: that such a "benefit shall be payable, if a report * * * is filed * * * within sixty (60) days next following the accident. * * *" Without such report the System lacks authority to pay any accident death benefit. Upon reflection, it may seem that the time limit for filing the report is rather short and ought to be enlarged, particularly in view of what appears to work a hardship in the case presently before us. However, that is a legislative problem and one wherein we lack judicial authority to remedy.
The rule governing statutory construction is well settled. Where wording of a statute is explicit and clear, the court is not free to indulge in a presumption arising from extrinsic evidence that the Legislature intended something other than that which it actually expressed. Except where uncertainty and ambiguity appear, a statute must speak for itself and be construed according to its own terms. Bass v. Allen Home Improvement Co., 8 N.J. 219 (1951). Construction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided. Hoffman v. Hock, 8 N.J. 397 (1952). In the case of O'Keefe v. *141 Board of Trustees, etc., Retirement System, 131 N.J.L. 502 (Sup. Ct. 1944), affirmed 132 N.J.L. 416 (E. & A. 1945), where this very provision (R.S. 43:14-37) was discussed, it was stated:
"No terms of art are employed in this statute. The words employed are plain, simple, clear and unambiguous. To words so employed we give them their natural and ordinary meaning, significance and import."
Vide Stockheimer v. The Carwin Co., 135 N.J.L. 49 (Sup. Ct. 1946).
In the case of Frost v. Alper, 133 N.J.L. 555 (E. & A. 1946), the question of the authority to waive a mandatory provision of a statute with respect to the time within which a certain document (transcript of testimony) had to be certified and filed was considered. The court held such authority must be expressed in the statute and while the case was one of considerable hardship, the positive command of the statute was peremptory in its terms and contains no provision for relaxation. Ervin v. Wohlfert, 76 N.J.L. 430 (Sup. Ct. 1908); Matyas v. Yurko, 12 N.J. Misc. 715 (Sup. Ct. 1934); Galligan v. Gonzales, 97 N.J.L. 327 (E. & A. 1922); Berstecher v. Caruso, 89 N.J.L. 426 (Sup. Ct. 1916).
In discussing the respective provisions of the Retirement System Act, the appellant points out that section 43:14-30 provides for "Ordinary disability retirement"; that 43:14-31 provides for "Accident disability retirement"; and section 43:14-37 provides for "Accidental death; allowance to dependents"; that the provisions of R.S. 43:14-31 and 43:14-37 are almost identical in language; that in section 31 the words "No such application shall be valid or acted upon" appear, but do not specifically appear in section 37, insofar as the report of the accident is concerned; that a reading of section 31 will indicate that "the retirement board may waive such time limit," arguing that "it may be said that the waiver applies to the 60 day provision or the two year provision or both, whereas in 43:14-37, the Legislature, *142 having omitted the restrictive ban of validity and action as to the 60 day accident report, provided only that the two years period may be waived"; that "it is apparent that the Legislature intended to give financial assistance to the widow in the case of an accidental death of her husband, imposing some procedural restrictions so as to guard against undue delay which might hamper the board in arriving at a just determination; but even then, it provided that the board might waive or extend these procedural requirements." As we read the aforementioned sections of the act, we are impressed with the fact that in both sections 31 and 37 there is clearly no language which can be construed to delegate to the System any authority to waive the 60-day provision. The discretion to waive is limited in both sections solely to the waiving of such time limit for the filing of an application for a reasonable period, if in the judgment of the board the circumstances warrant such action. The act clearly makes a distinction between a report of the accident and an application for benefits. That the power to waive is not attached to that part of the sections 31 and 37 requiring the filing of the report of the accident within 60 days next following the accident, indicates that it was not within the legislative intendment to grant any such power to the board of trustees of the System. Consequently, the System was powerless, even if it had been inclined to waive the 60-day limitation for filing the report, to either waive the requirement or to enlarge it.
It is a recognized rule that an administrative agency is a creature of the Legislature; that its primary function is to carry into effect the will of the State as expressed by its limitation, and its powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication. 42 Am. Juris., Public Administrative Law, secs. 25, 26, pp. 315-316; Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733; Nagy v. Ford Motor Co., 6 N.J. 341 (1951); Delaware, L. & W.R. Co. v. City of Hoboken, 10 N.J. 418 (1952); Hoffman v. Hock, supra. In the Nagy case, Mr. Justice Heher, author of the opinion, *143 in discussing administrative agencies, stated in 6 N.J. at page 349:
"The Compensation Bureau is a creature of the statute. Its jurisdiction is special and limited, and where there is reasonable doubt of the existence of a particular power, the power is denied. P. Bronstein & Co., Inc., v. Hoffman, supra [117 N.J.L. 500, (E. & A. 1937)]. Deviations from the Bureau's established sphere of action cannot be given by consent of the parties or be made effective by waiver or estoppel. Where the Bureau transcends its jurisdiction, the action is a nullity. London Guarantee & Accident Co. v. Sterling, 233 Mass. 485, 124 N.E. 286 (1919)."
The determination of the board of trustees of the System "that no report of an accident, in any form whatsoever, was filed with this Board within 60 days next following the accident" is affirmed and the appeal is accordingly dismissed, without costs.