53 N.J. Super. 66 (1958)
146 A.2d 475
JOHN BIANCHI, ANTHONY BIANCHI AND LUCILLE DURKIN, PLAINTIFFS-APPELLANTS,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1958.
Decided December 8, 1958.
*67 Before Judges GOLDMANN, CONFORD and FREUND.
*68 Mr. Joseph B. Lordi argued the cause for appellants (Mr. James P. Lordi, attorney).
Mr. Thomas M. Kane argued the cause for respondent (Mr. Vincent P. Torppey, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs, employees of the City of Newark, sued to recover salary which would have been paid them during the respective periods when they were separated from municipal service because of alleged illegal dismissals, each having been ordered reinstated by an executive assistant in the State Civil Service Department. After a trial without a jury, the Law Division judge dismissed their complaint, and they appeal.
The principal question involved on this appeal is whether plaintiffs are barred from recovery by the proviso of N.J.S.A. 40:46-34, on which their suit is based. That statute, as amended in 1948 (L. 1948, c. 163 and c. 395) provides that:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; provided, that a written application therefor shall be filed with the clerk of the municipality within thirty days after such judicial determination, unless such determination was made prior to the effective date of this act, in which case such application shall be filed within six months after the effective date of this act."
Defendant municipality relies primarily on the fact that none of the plaintiffs ever filed written application with the municipal clerk, as required by the statute, so that they are not entitled to recovery. Plaintiffs claim that the city is estopped from asserting non-compliance because of assurances they received from certain officials in the department where they were employed that they were entitled to their back pay and would get it.
*69 At the pretrial conference the parties agreed to submit their action for determination upon a stipulation of facts, oral arguments, and briefs, with leave reserved to each party to produce such oral testimony as they deemed advisable. A lengthy stipulation of facts was prepared, and thereafter plaintiffs presented testimony in support of their claim of estoppel. The trial court found there was no estoppel and then proceeded to dispose of the matter by holding that plaintiffs were not entitled to recover compensation because they had failed to perform the services called for by their respective employments. The trial judge deemed that this conclusion was compelled by the decisions in De Marco v. Board of Chosen Freeholders of County of Bergen, 21 N.J. 136 (1956) and Winne v. Bergen County, 21 N.J. 311 (1956). Accordingly, he considered it unnecessary to decide whether plaintiffs' failure to file a written application with the municipal clerk within 30 days of the Civil Service directive barred their right to recovery.
Plaintiff John Bianchi was temporarily employed as a Culture Collector by the City of Newark on August 8, 1949. He was discharged June 27, 1953. On January 9, 1955 he was given a temporary appointment as Sanitary Inspector. Some four months later he received a written notice that his services as Sanitary Inspector were to be terminated on May 21, 1955. Bianchi thereupon discussed the dismissal with one Merrigan, Executive Assistant in the State Department of Civil Service, in charge of the Newark area office, with the result that on May 26 Merrigan wrote the Mayor of Newark directing that John Bianchi be considered a permanent employee with the title of Culture Collector in the Division of Health, effective as of July 19, 1951, under L. 1951, c. 333. Accordingly, Bianchi was restored to the permanent title of Culture Collector on June 3, 1955.
John Bianchi sued for loss of wages from June 27, 1953 to January 9, 1955, totalling $6,265. He testified that immediately after being reinstated as a permanent employee he spoke about his back pay to Assistant Health Officer Morgan, who was in charge of divisional personnel and payroll. *70 Morgan told him he did not see why he was not entitled to receive what was due him, and mentioned that another person holding the same title had been given 2 1/2 months' back pay under similar circumstances. Bianchi said he had also spoken to Health Officer Haskin, but could not give the dates of such conversations. On October 19, 1955, more than four months after reinstatement, Bianchi wrote to the Personnel Officer of Newark, copies to the Acting Director of the city and to the Director of the Department of Health and Welfare, requesting his back pay. There was a further conversation with Dr. Haskin in February 1957 with respect to his back salary as well as that of the other two plaintiffs.
Plaintiff Anthony Bianchi was employed by the city in a temporary capacity as Pharmacist, Division of Health, on May 7, 1950. His services were terminated February 19, 1955. In August of that year he wrote the Civil Service Department requesting a review of his dismissal, with the result that on September 16, 1955 Merrigan advised the Personnel Officer of the City of Newark that Anthony Bianchi be restored to his position as Pharmacist on a permanent basis as of July 19, 1951. Anthony was returned to the payroll effective September 22, 1955. He claims the sum of $2,894 for wages lost from February 19 to September 22, 1955.
Anthony testified that he spoke to the Personnel Officer and to the Acting Director of the city, as well as to Morgan, about his back pay at the time of his reinstatement and was assured he was entitled to it. In October 1955 he wrote to the Acting Director, copy to the Personnel Officer, requesting back salary. Sometime later, in February 1957, he spoke to the Health Officer of the city on the same subject.
Plaintiff Lucille Durkin was employed in a temporary capacity as Public Health Nurse on April 16, 1949, was discharged June 16, 1949, and reemployed in a temporary capacity July 11, 1949. Her services were terminated October 3, 1953. Executive Assistant Merrigan, having discussed her dismissal with her at his Newark office in the spring of 1955, wrote the Mayor of Newark on July 25 directing him to *71 reinstate Mrs. Durkin as a permanent Public Health Nurse, effective as of July 19, 1951. She resumed her employment on July 29, 1955, and is claiming $6,580 in back salary from October 3, 1953 to that date.
Mrs. Durkin testified that she had not spoken to any city official with respect to her claim, but had left it to John Bianchi to speak for her.
It is admitted that none of the plaintiffs ever filed a written application with the City Clerk within 30 days of reinstatement. There is no proof that the necessity for doing so was discussed with any city official, or that anyone had ever told plaintiffs that a written application was unnecessary.
By way of defense to the suit defendant municipality claimed that plaintiffs were not entitled to recover back salary because they had rendered no services to the city during the periods of their respective dismissals; none of them had appealed his dismissal, as required by the Civil Service law, R.S. 11:1-1 et seq., and as required by the Rules of the Civil Service Commission; and none of them had complied with the provisions of N.J.S.A. 40:46-34.
We have observed that the trial court dismissed the complaint because plaintiffs had rendered no services during the periods of their dismissal, citing the De Marco and Winne cases. This was an erroneous view of the law. Before the adoption of L. 1918, c. 139, it was a well-settled common-law principle in New Jersey that a public officer's right to compensation arose out of the rendition of the services of his office. A municipal employee was not entitled to be paid for the period during which he did not work, regardless of whether illegally dismissed or separated from the municipal service. The right of recovery of back salary was absolutely dependent upon the actual performance of the duties of his office or employment, except as otherwise provided by statute. The long line of New Jersey decisions so holding is set out and discussed in De Marco v. Board of Chosen Freeholders of County of Bergen, above, 21 N.J., at page 140 et seq.; and see Winne v. Bergen County, above, 21 N.J., at page 315 et seq. The denial of back salary in those cases turned on *72 the fact that N.J.S.A. 40:46-34 applies, in terms, solely to municipal officers and employees. The two decisions obviously have no pertinence in the present case. Plaintiffs are municipal employees and, despite the fact that they rendered no services during the periods of their dismissal, would be entitled to recover back salary if they can show that they come within the statute.
The statute, as it stood at the time of the Revision of 1937, R.S. 40:46-34, dealt only with illegal dismissals. The amendments of 1948 (c. 163 and c. 395) provided for recovery of lost salary in case of an illegal suspension, and added the language of the proviso in N.J.S.A. 40:46-34 quoted above. It has been said that the statute, being in derogation of the common-law principle barring recovery where no services have been rendered, is to be strictly construed. Winne v. Bergen County, above, 21 N.J., at pages 315-316; De Marco v. Board of Chosen Freeholders of County of Bergen, above, 21 N.J., at page 144. In this case there are valid reasons, in addition to those hereinafter set forth, for such a strict construction. It may well be that a dismissed employee had been gainfully employed during the period of his separation from municipal service, in which case his recovery of back salary would be nothing less than a windfall. Another possibility is that the municipality may have replaced him, paid the substitute, and then found itself faced with the necessity of making a second payment when visited with a judgment for back salary.
Before discussing whether plaintiffs have met the requirement of the statute, we dispose of the preliminary point raised by defendant in the trial court that plaintiffs are barred from recovery by reason of their failure to appeal their discharges to the Civil Service Commission. An examination of the Civil Service law and the statute here involved reveals no requirement that plaintiffs must take such an appeal. N.J.S.A. 11:2A-1 permits such an appeal. Defendant has apparently abandoned the point on this appeal, no further mention of it being made in its brief or at the oral argument.
*73 We turn to the statute itself. The first question which arises is whether plaintiffs' respective dismissals have ever been "judicially declared illegal." Defendant concedes  and plaintiffs naturally accept the concession  that the communications from Merrigan, the Executive Assistant in the Civil Service Department, to the Mayor of Newark in the case of John Bianchi and Lucille Durkin, and to the Personnel Officer of the city in the case of Anthony Bianchi, stating that the several plaintiffs were entitled to permanent status under L. 1951, c. 333, constituted a judicial determination.
There was no judicial or quasi-judicial proceeding before the Civil Service Commission in the case of any of the plaintiffs. What apparently happened was that after they had respectively gotten in touch with Merrigan, he wrote to the officials in question directing that each of the plaintiffs be reinstated as a permanent employee. There is nothing to show that Merrigan, as Executive Assistant, had any power to act judicially on behalf of the Commission to declare a dismissal illegal. He was, in fact, nothing more than the administrative assistant in charge of the Commission's Newark office.
Although a quasi-judicial determination by the Civil Service Commission on a regular appeal by a dismissed employee would satisfy the statute, we cannot agree that Merrigan's informal notification of one or another city official directing a reinstatement, without any prior notice to or hearing afforded the city, constituted a judicial declaration  and this whether or not the city accepted the directive without further contest. It is not for this court to expand the statutory language merely because the Legislature may have overlooked a contingency which might justify allowance of back pay under the general policy of the statute.
Moreover, there is a sound policy reason why the requirement of a judicial declaration that a dismissal was illegal should be enforced literally. A judicial or quasi-judicial proceeding is required to be brought within a specific time period, e.g., N.J.S.A. 11:22-38, thus minimizing the period of time for which the municipality may ultimately *74 have to pay an employee for services not actually rendered under N.J.S.A. 40:46-34 where applicable. Were the statute to be held applicable to a situation where there is a mere letter of complaint to the Executive Assistant of the Civil Service Department, or an informal conference with him, without any time limitation, then the time period during which services were not actually rendered and for which the municipality would become liable, might be determined solely by the whim of the employee as to when he chose to complain to the Civil Service Commission.
Had not defendant conceded that the dismissals had judicially been declared illegal, we would hold that in the circumstances there had been no judicial declaration of illegality. Cf. Hintenberger v. City of Garfield, 52 N.J. Super. 526 (App. Div. 1958). However, it is not necessary to make such a determination in order to sustain the decision of the Law Division in defendant's favor. Although it assigned an incorrect reason, we may affirm if the result was correct on any other ground.
The statute, as noted, expressly requires that a dismissed municipal officer or employee file written application with the municipal clerk within 30 days after a judicial determination of illegal dismissal. The filing of such an application with the municipal clerk is clearly made a condition precedent to the right of recovery of back salary. No such application was filed, nor is there anything in the proofs to establish that any of the plaintiffs did not file because he was assured that such step was unnecessary.
Since the statute is in derogation of the common-law principle of no work, no pay, we are not at liberty to indulge a presumption that the Legislature intended something less than that which it actually wrote into the law. Cf. Lynch v. Borough of Edgewater, 8 N.J. 279 (1951), and Rosenthal v. State Employees' Retirement System, 30 N.J. Super. 136 (App. Div. 1954). Ordinarily, a time limitation in statutes pertaining to claims against the State or a municipality is inserted to permit the appropriate governmental officials to investigate the claim while it is still fairly fresh in the minds *75 of witnesses and others. This reasoning, however, does not have the force that it does in a case like Rosenthal, because the investigation of plaintiffs' claims would involve little more than examination of relatively permanent employment records. A more acceptable rationale, since examination into the history of the 1948 amendments to N.J.S.A. 40:46-34 sheds no light on the matter, is that the strict time limitation of 30 days was imposed to protect a municipality from suddenly being faced with an unanticipated expense, perhaps after it had planned future budgets. Here it may be recalled that the claims of the several plaintiffs are relatively large  $6,265, $2,894 and $6,580, the first and last claims each representing more than 1 1/2 years' salary.
Plaintiffs claim that defendant municipality is estopped from invoking the statute because of the conversations they had with members of the city administration, as detailed in the earlier part of this opinion, thus making unnecessary the filing with the City Clerk of a written application for back pay. It has been held that the doctrine of estoppel applies against municipal corporations, Johnson v. Hospital Service Plan of N.J., 25 N.J. 134, 143 (1957); and see 10 McQuillin, Municipal Corporations, § 29.103, p. 415 (1950), although not to the same extent as in the case of private individuals or corporations, Vogt v. Borough of Belmar, 14 N.J. 195, 205 (1954). Complementing this rule is the one which holds a municipality not bound by acts of its agents unless such acts be expressly authorized or necessarily implied from authority directly conferred. Giardini v. Town of Dover, 101 N.J.L. 444 (Sup. Ct. 1925).
Plaintiffs rely on the Johnson case, which we do not find comparable. That case dealt with a contract between the City of Newark and the New Jersey Blue Cross Plan whereby the city rendered hospital services to Blue Cross hospital plan subscribers under an arrangement with the latter to pay the city $100 per patient on a flat basis, regardless of the length of hospital stay. The plan had been in force for a number of years, to the knowledge of all persons connected with the city administration, when the city repudiated *76 it with respect to one particular case, claiming that the individual who had signed the contract on behalf of the city was not authorized to do so. The court held that the contract had been ratified by the city's acceptance of benefits thereunder, with knowledge of those officers who would have been authorized to enter into the agreement in the first instance. The result reached in Johnson was additionally placed on the basis of estoppel.
Here we deal with a subject matter in respect to which none of the municipal officials concerned  the Assistant Health Officer, Health Officer, Director of the Department of Health and Welfare, Personnel Officer, or Acting Director of the city  had the power to commit the city to liability. None of them represented or, indeed, spoke for the City Clerk, and none represented the governing body. There was no ratification shown by the municipality. There is nothing in the record to indicate that had the various officials to whom plaintiffs talked not made the representations which plaintiffs claim they made, plaintiffs would have filed their written applications with the municipal clerk. Plaintiffs did not establish a case of estoppel.
Affirmed.